## Richmond

### PHILIP O. REISEN

### V.

### AETNA LIFE AND CASUALTY COMPANY

April 29, 1983.

Record No. 801367.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, and Russell, JJ., and Harrison, Retired Justice.

*Dennis E. Ahearn (Hart, Nugent & Ahearn, P.C.,* on brief), for appellant.

*Robert J. Arthur (Arthur and Speed, Ltd.,* on brief), for appellee.

COMPTON, J., delivered the opinion of the Court.

In this automobile insurance case, the question is whether declaratory judgment lies to decide a coverage question when the ultimate issue of fact determining coverage is set for adjudication in a related, pending tort action.

During April of 1979, appellant Philip O. Reisen approached Jack W. Goins on a city street in Alexandria, claiming Goins owed him $33. Following an argument, Goins drove his truck into Reisen, who was then on the sidewalk. As a result, Reisen suffered serious personal injuries.

In June of 1979, Reisen filed a tort action against Goins seeking compensatory damages of $900,000 and punitive damages in a like amount. The motion for judgment charged Goins with negligent and intentional conduct.

At the time of the incident, Goins' truck was covered by an automobile liability insurance policy issued by appellee Aetna Life and Casualty Company. State Farm Mutual Automobile Insurance Company, Reisen's uninsured motorist carrier, was served with a copy of the suit papers. Aetna notified Reisen and Goins that the loss was not covered by the terms of its policy because Goins' act was intentional; it refused to provide Goins a defense at that time. Subsequently, State Farm filed a responsive pleading in the case.

In December of 1979, Goins pled guilty to hit and run and reckless driving charges arising out of the incident; an indictment for felonious assault was not prosecuted. In January of 1980, Reisen made an offer to Aetna to settle the personal injury case within the policy limit of $100,000. Subsequently, Aetna, through counsel, filed responsive pleadings for Goins under a full reservation of its rights to later deny coverage. Trial of the case was set for May 19, 1980.

Then, in March of 1980, Aetna filed the present declaratory judgment proceeding at law naming as defendants Goins, Reisen, and State Farm. Aetna asserted its policy covered an "occurrence," defined in the insurance contract as "an accident. . .which results in bodily injury [that is] neither expected nor intended from the standpoint of the insured." Alleging such provision expressly excluded coverage for bodily injury caused by Goins' intentionally tortious conduct, Aetna asserted "that the facts of the incident do not fall within the coverage afforded by the policy of insurance." Aetna stated that an actual controversy existed between the plaintiff and defendants as to the obligations, if any, of the plaintiff under the policy. It asked the trial court to declare Aetna was "not obligated to pay any judgment" that may be rendered against Goins in the personal injury case. In a demurrer, overruled by the trial court, Reisen sought dismissal of the motion for declaratory judgment.

At the trial of the declaratory judgment proceeding, held about two weeks before trial of the tort action, a jury found that Goins "did expect or intend to cause bodily injury to Philip Reisen." Subsequently, the trial court entered the order from which this

appeal flows, confirming the verdict and declaring Aetna "owes no duty or obligation to afford coverage under its policy of insurance to the defendant Jack W. Goins due to his actions on April 27, 1979."

The personal injury case was tried as scheduled, new counsel having been substituted to represent Goins upon withdrawal of Aetna's attorney. Judgment was entered in favor of Reisen on a jury verdict in the amount of $372,686. According to representations in Aetna's brief, the case was tried solely on the issues of negligence and contributory negligence, not on the theory of an intentional tort. Reisen, on brief, informs us that the judgment remains unsatisfied except for $25,000 paid by State Farm in settlement of a suit on the uninsured motorists endorsement.

Before addressing the appellate arguments, established declaratory judgment principles should be reviewed. Circuit courts have power to make "binding adjudications of right" in cases of "actual controversy" where there is "antagonistic assertion and denial of right." Code § 8.01-184. The declaratory judgment statutes are remedial, their purpose being "to afford relief from the uncertainty and insecurity attendant upon controversies over legal rights. . . ." § 8.01-191. The statutes are to be "liberally interpreted and administered with a view to making the courts more serviceable to the people." *Id.* But the controversy must be "justiciable," that is, one in which there are "specific adverse claims," based on present facts, that are "ripe for judicial adjustment." *City of Fairfax* v. *Shanklin,* 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964). Enactment of the declaratory judgment statutes did not vest the courts with authority to render advisory opinions, decide moot questions, or answer merely speculative inquiries. *Id.* at 230-31, 135 S.E.2d at 776.

On appeal, Reisen correctly argues that because the motion for judgment in the tort action alleged facts and circumstances of negligence which, if proved, would fall within a risk covered by Aetna's policy, Aetna had a duty to defend its insured, Goins, even though the pleading also contained allegations of an intentional act. *See Parker* v. *Hartford Fire Ins. Co.,* 222 Va. 33, 35, 278 S.E.2d 803, 804 (1981). The insurer is relieved of a duty to defend only when it clearly appears from the initial pleading the insurer would not be liable under the policy contract for *any* judgment based upon the allegations. *Travelers Indemnity Co.* v. *Obenshain,* 219 Va. 44, 46, 245 S.E.2d 247, 249 (1978). Asserting

that Aetna's potential liability was contractual and arose only after Goins' liability had been established, Reisen contends that until Goins' liability had been determined "there could be no actual controversy between Aetna and Goins concerning the payment of a non-existent judgment which might be rendered in the future." Reisen argues that at the time the declaratory judgment was tried, "Goins could not have demanded that Aetna indemnify him because at that time there existed no judgment against him." He says the "only actual duty of Aetna and corollary right of Goins were the duty to provide and the right to receive a good faith defense." Reisen contends that Aetna merely sought an advisory opinion on the question: If a judgment is entered against Goins, will the insurer be obligated to pay?

Moreover, Reisen argues, in order to answer the foregoing question, the ultimate factual issue upon which tort liability would rest, *i.e.,* was Goins' conduct intentional or negligent, had to be decided first. Relying on *Prashker* v. *United States Guarantee Co.,* 1 N.Y.2d 584, 136 N.E.2d 871, 154 N.Y.S.2d 910 (1956), Reisen notes that the coverage question here is not the typical issue, such as absence of permissive use, failure of cooperation, or lack of timely notice, which are separable from the issue awaiting determination in the tort action. Instead, the factual issue that will decide the coverage question is the very same issue to be decided in the personal injury suit. Under these circumstances, Reisen urges, declaratory judgment is improper because, while such a procedure would certainly clear up the insurer's obligation under the contract, it would nevertheless be tantamount to permitting insurers to assume unfairly control and command of tort litigation.

In *Prashker,* the Court of Appeals of New York held that declaratory judgment was improper when the grounds of liability, if proved, in pending negligence actions would partly fall within and without exclusionary clauses of aircraft liability policies. There, the tort suits were brought against the owner of an airplane and the pilot's estate by the personal representatives of a deceased passenger killed in a crash. The court held no justiciable issue was presented because the tort claim was based in part upon negligence of the pilot and in part upon violation of Civil Aeronautics Administration regulations; the latter violation, if proven, would exempt the insurer from liability. The court said:

"Manifestly it cannot be ascertained in advance of the trial of these negligence actions which of these grounds of liability, if any of them, will be adjudicated against these assureds. Consequently it cannot be known in advance of the determination of those actions whether the estate of the pilot and the owner of the plane are indemnified by this policy against whatever judgments for damages which may be entered against them. If the existence or absence of liability on the part of this insurance carrier is to be declared under any and all contingencies in advance of the trial of the primary negligence actions, it may well be that the insurance company will be held or exonerated in this declaratory judgment action on a different factual basis from that which will later be established in the negligence actions.

\* \* \*

"This policy is one of indemnification; it is clear that the liability of the insurance company depends upon the basis for liability which is adjudicated against the assureds in the main actions. Unless the insurance company would be liable under the policy on the facts underlying each theory of liability pleaded against the assureds in the complaints in the pending negligence actions, it would be premature to entertain jurisdiction of a declaratory judgment action before it can be known whether or not the loss would be covered by the policy. Some of the grounds pleaded may be sustained and others not.

\* \* \*

"This is not the usual declaratory judgment action against an insurance company prior to the main trial, as has been stated, where the construction of the insurance policy is involved. . . . The courts do not make mere hypothetical adjudications, where there is no presently justiciable controversy before the court, and where the existence of a 'controversy' is dependent upon the happening of future events." (Citation omitted) 1 N.Y.2d at 590-92, 136 N.E.2d at 874-75, 154 N.Y.S.2d at 915-17.

*See also Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 347 A.2d 842 (1975) (allegations of negligent and intentional conduct by insured under homeowners policy); *The Ohio Casualty Ins. Co. v. Flanagin,* 44 N.J. 504, 210 A.2d 221 (1965); *Employers' Fire*

*Insurance Company* v. *Beals,* 103 R.I. 623, 240 A.2d 397 (1968) (negligent and intentional conduct by homeowners-policy insured); *Firemen's Ins. Co. of Newark* v. *Burch,* 442 S.W.2d 331 (Tex. 1968).

We disagree with Reisen and are not persuaded by the *Prashker* line of cases. We hold that there was a justiciable controversy ripe for adjudication within the meaning of our declaratory judgment statutes, and that the trial court did not abuse its discretion in exercising jurisdiction over the coverage matter.

Here, Aetna seeks a declaration of non-coverage, employing the same procedure used by the insurer in our *Obenshain* case, *supra,* an intentional tort action in which the propriety of declaratory judgment was not an issue. Approving this procedure, Professor Borchard, co-draftsman of the Uniform Declaratory Judgments Act, has observed that when an adjudication of non-liability is sought by a litigant, a few courts have mistakenly concluded that such a claim "does not present a 'cause of action' for judicial relief." E. Borchard, *Declaratory Judgments* 636 (2d ed. 1941). But, the writer notes,

> "an unfounded claim is a cloud upon the title, causing apprehension and distress to the party charged and thus placed in jeopardy, and giving him a legal interest in its removal and in a declaration of its invalidity. Thus, several courts have failed to observe that even a potential claim, such as the probable claim of an injured person against the insured and the insurance company, is sufficient to cause fear and jeopardy and thus to warrant the institution of an action for a declaration of non-liability." *Id.*

Some courts have erroneously assumed, "contrary to overwhelming authority, that the issue between the company and the injured person is not ripe for adjudication because no judgment has yet been obtained by or against the insured or because there is only a 'contingent future possibility of disputes.'" *Id.* at 636-37.

> "This is to defeat one of the main purposes of the declaratory judgment, namely, to remove clouds from legal relations before they have become completed attacks or 'disputes already ripened.' If there is human probability that danger or jeopardy or prejudice impends from a certain quarter, a sufficient legal interest has been created to warrant a removal of

the danger or threat. Naturally, some perspicacity is required to determine whether such danger is hypothetical or imaginary only or whether it is actual and material." *Id.* at 637.

 Endorsing the foregoing views, we believe the facts of this case illustrate the wisdom of declaratory judgment here. The circumstances of the incident gave rise to a real probability that Aetna did not owe coverage to Goins because of his intentionally tortious conduct. The original monetary demand in the personal injury suit for compensatory damages was in excess of Aetna's policy limits. A firm offer for settlement within those limits had been submitted by the plaintiff to Aetna. As a result, the insurer had the duty to exercise good faith in dealing with the offer of compromise, keeping in mind the insured's interests and its own. *Aetna Casualty & Surety Co.* v. *Price,* 206 Va. 749, 761, 146 S.E.2d 220, 228 (1966). Consequently, there existed a present, viable *Price* duty of good faith owed by Aetna to Goins, separate and distinct from its duty to defend him. But the existence of the *Price* duty wholly depended upon a condition precedent, that is, coverage under the policy.

 Thus, from the standpoint of Reisen, Goins, and Aetna, a justiciable controversy presently needed judicial determination before proceeding with the tort action. *See Criterion Insurance Co.* v. *Grange Mutual Casualty Co.,* 210 Va. 446, 171 S.E.2d 669 (1970). This is a classic case where declaratory judgment is appropriate to "guide parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action incident to their rights, which action, without direction, would jeopardize their interests." *Liberty Mutual Ins. Co.* v. *Bishop,* 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970). Aetna had a duty to defend Goins, but it owed no duty, unless coverage existed, to negotiate a settlement with Reisen within policy limits, thus eliminating Goins' exposure, and its own, to an excess judgment. Accordingly, advance determination of the coverage question served to remove the clouds from the legal relations of the parties.

And this conclusion is not altered by the circumstance that the ultimate issue of fact determining coverage was one of the issues scheduled for adjudication in the tort action. The underlying assumption of Reisen's argument, relying on the *Prashker* line of authority, is that the insurer's ultimate liability under the policy

in all cases depends *solely* on the basis of liability adjudicated against the insured in the tort action. This assumption is erroneous.

In *Farm Bureau Mut. Automobile Ins. Co.* v. *Hammer,* 177 F.2d 793 (4th Cir. 1949), *cert. denied,* 339 U.S. 914 (1950), the court, interpreting Virginia law, held the trial court erred in dismissing a declaratory judgment complaint in which an insurer sought a declaration it was not liable to pay certain judgments obtained against its insured as the result of a motor vehicle collision in which five persons were killed or injured. The complaint alleged the insured's conduct was intentional and thus there was no coverage under the policy. Even though the insured had been convicted of murder for intentionally causing the death of an occupant of one of the vehicles, it was determined in the damage suit, in which the insurer had refused to provide a defense for the insured, that the injuries were accidental.

Judge Soper, writing for a divided panel of the Fourth Circuit, said: "It is . . . obvious that the binding effect of a judgment against the insured [in a damage suit] does not extend to matters outside the scope of the insurance contract, and that the Insurance Company is [not] . . . bound by the findings of the court if the claim against the insured is not covered by the policy." 177 F.2d at 799. The court said that to hold otherwise would be to deprive the insurer of its day in court to show that the transaction sued upon is foreign to the insurance contract. Unless the insurer has this right, the court continued, it would be at the mercy of every unscrupulous litigant who, disregarding the facts, falsely alleges a claim on which the insurer would be liable, establishes another claim for which no insurance liability would attach, and then collects the judgment from the insurer because it could not show the true facts. 177 F.2d at 800.

Thus, because of the likelihood that the insurer, after judgment in the tort action, would be entitled to litigate the very same coverage question it sought to raise before trial, it was not improper for the trial court to declare the rights of the parties in advance. Stated differently, declaratory judgment will lie under these circumstances even though the fact deciding coverage is set for adjudication in the related tort action.

Finally, Reisen's reliance on *Williams* v. *Southern Bank of Norfolk,* 203 Va. 657, 125 S.E.2d 803 (1962), is misplaced. There, we held declaratory judgment and injunction were im-

proper when the bank sought an adjudication whether it could be held civilly liable for alleged malicious prosecutions of Williams. The Court said the bank was merely seeking to prevent trial of Williams' prospective actions at law, and that the controversy was one of disputed fact, that is, did the bank make a full, correct, and honest disclosure of all material facts to its counsel and the Commonwealth's Attorney. Reisen argues that in the present case, like *Williams,* Aetna's "real object" was to obtain a determination of fact upon the nature of Goins' liability to Reisen, not an adjudication of rights.

But in the present case, unlike *Williams,* declaratory judgment as to the disputed fact in issue resulted, as we have already said, in delineation and interpretation of definite rights expressed in the insurance contract. Hence, *Williams* is inapposite.

For these reasons, the judgment appealed from will be

*Affirmed.*