DIANNA ALLEY STONE

V.

IRVIN P. ALLEY

Record No. 891089

June 8, 1990

Present: Compton, Stephenson, Russell, Whiting, Lacy, and Hassell, JJ., and Poff, Senior Justice

*Nina K. Peace* for appellant.
*John S. Smart (Smart & Hunton,* on brief), for appellee.

SENIOR JUSTICE POFF delivered the opinion of the Court.

The dispositive issue in this appeal is whether the chancellor erred in granting a complainant summary judgment without affording the respondent the benefit of an evidentiary hearing.

Irvin P. Alley filed a bill of complaint against his daughter, Dianna Alley Stone, seeking a declaratory judgment and injunctive relief. Alley alleged that he was the sole owner of certain "Paine Webber securities" titled in his name and his daughter's name as joint tenants with the right of survivorship and that Stone had "refused to execute a release of those . . . securities to plaintiff". Stone filed an answer and responses to Alley's requests for admissions.

In support of a motion for summary judgment, Alley submitted an affidavit attesting, as alleged in the bill of complaint, that he had supplied all the funds used to purchase the securities. The chancellor, finding "from the pleadings and admissions that Irvin P. Alley made all of the net contributions of the funds" used to purchase the securities, entered a final decree declaring that, "pursuant to Virginia Code § 6.1-125.3(A)[1], Irvin P. Alley is the sole owner of those securities" and ordering Stone to "cause the removal of her name from all of the certificates".

On appeal, Stone argues that "[i]t was error for the Circuit Court to not hear evidence of a gift [and] . . . to find that Paine Webber is a financial institution . . . [and] that the securities are accounts" as those terms are defined in the chapter of which the statute applied by the chancellor is a part.

We agree. The question of gift *vel non* was drawn in issue by the pleadings.[2] That was a material question of fact. The same was true of the two definitional questions underlying application of the statute. Rule 2:21 provides that "[s]ummary judgment shall not be entered if any material fact is genuinely in dispute." *See Blair, Inc.* v. *Housing Authority*, 200 Va. 815, 818-19, 108 S.E.2d 259, 261-62 (1959) (action at law). The chancellor failed to com-

---

[1] That subsection provides that "[a] joint account belongs, during the lifetimes of all parties, to the parties in proportion to the net contributions by each to the sums on deposit . . . ."

[2] In his bill of complaint, Alley alleged that "no present gift from plaintiff to defendant of any of the securities . . . was ever intended by plaintiff"; in her answer, Stone denied the allegation. Again, in Alley's requests for admissions, he asked Stone to admit that he "has never indicated any intention of making a present gift to defendant of any interest in the securities"; Stone denied the request.

ply with that rule, and we will reverse the decree and remand the cause for further proceedings.

*Reversed and remanded.*