## CIRCUIT COURT OF FAIRFAX COUNTY

State Farm Fire and Casualty Co.

v.

Michael B. Hess and Daniel Boccagno

### Case No. (Chancery) 120364

May 28, 1992

BY JUDGE THOMAS S. KENNY

This matter came before the Court on plaintiff State Farm's motion for summary judgment against both defendants, Hess and Boccagno. Summary judgment is denied for the reasons set forth below.

On or about August 12, 1989, an altercation occurred between the defendants, two karate instructors and former business partners. Boccagno's jaw was allegedly injured when Hess kicked him in the face. In July of 1990, Boccagno filed a complaint in the Superior Court of the District of Columbia alleging assault and battery and intentional infliction of emotional distress. The complaint was amended on November 30, 1990, to add a negligence claim. Hess notified State Farm of the impending lawsuit on December 8, 1990, and informed the insurance company that he would seek coverage under his homeowner's policy for the negligence claim. On March 15, 1991, State Farm filed a motion for declaratory judgment in which it asked this Court to determine whether State Farm had a duty to defend Hess and pay on any judgment obtained by Boccagno. After receiving answers to interrogatories and admissions, State Farm filed the motion for summary judgment now at issue.

Summary judgment can only be entered when, under the pleadings, there remain no disputes as to material facts, Va. Sup. Ct. R. 2:21

(1991). *Marshall v. Dean*, 201 Va. 699, 703 (1960). In the present case, several disputes of material fact remain.

State Farm denies coverage on two grounds. First, it alleges that coverage is excluded because Hess "intended or expected" to cause Boccagno bodily injury. Intentional or expected injuries are specifically excluded under the policy (policy p. 13). *See, Wooden v. John Hancock Mutual*, 205 Va. 750 (1965) (where the court held that the insured was not covered by his policy because he should have reasonably foreseen the consequences when he instigated a struggle over a gun, which went off and killed him). However, Hess alleges that he did not intentionally injure Boccagno and that the kick to Boccagno's face was a reflexive, defensive move. Hess stated in his response to interrogatories that "Mr. Daniel Boccagno cursed me, and I felt he was preparing to attack me." He appears to be alleging that he acted in self defense. This would vitiate the claim that Boccagno's act was intentional. 43 Am. Jur. 2d, *Insurance*, §§ 708, 709. Only intentional acts from the standpoint of the insured are excluded from coverage. *Travelers v. Obenshain*, 219 Va. 44 (1978). If Hess did indeed act reflexively in self defense, then his actions would perhaps not be considered "intended or expected." Thus, summary judgment is denied on this issue.

Second, State Farm alleges that Hess did not give timely notice of his claim. The giving of notice of a coverable incident is a condition precedent to coverage under an insurance contract and requires "substantial compliance by the insured." *Liberty Mutual Insurance v. Safeco Insurance*, 223 Va. 317, 323 (1982); *State Farm v. Porter*, 221 Va. 592, 597 (1980). However, Hess alleges that he was unaware that Boccagno was injured and, therefore, had no reason to believe that he would be sued. Furthermore, Hess claims that he did not believe his insurance would provide coverage for the claim until Boccagno added the negligence count. *Compare, Norman v. Insurance Company of North America*, 218 Va. 718, 723 (1978) (in which the action brought against Wilson was not grounded on negligence but on a deliberate, intentional, and malicious wounding as was found by a jury) *and, Lord v. State Farm*, 224 Va. 283 (1982) (in which the incident was covered under Lord's policy from the time it happened, unlike here where potential coverage may only have arisen when the complaint was amended to add a negligence count).

Within nine days of learning of the negligence count, Hess did notify State Farm of the claim. The policy requires that the insured "after a loss *to which this insurance may apply* . . . give immediate notice to us or our agent" (emphasis added, policy p. 10). This type of provision requires the insured to notify the company, from an objective standpoint, as soon as it should reasonably appear that the policy may be applicable. *Dan River v. Comm. Union Ins.*, 227 Va. 485, 489 (1984) (in which the insured waited seven years before notifying the insurer of potential liability for monetary damages and attorney's fees). "The question of whether notice . . . has been given to an insurer 'as soon as practicable' is one for the fact finder to determine." *Liberty Mutual* at 323. This determination is usually made by the jury. *State Farm Mutual Ins. v. Douglas*, 207 Va. 265, 268 (1966). Thus, there remains an issue of material fact as to whether the notice was timely.

Another issue that remains in dispute is whether or not State Farm had reserved its rights. If State Farm filed to issue a reservation of rights letter, then it may be that when it began to defend the District of Columbia case, it waived any claim of non-coverage.

June 27, 1992

BY JUDGE J. HOWE BROWN

This case is before the Court upon the Motion to Dismiss and/or Stay. For the reasons stated below, the Motion is denied.

State Farm Fire and Casualty Co. issued a homeowners policy to Michael B. Hess, who is a resident of Fairfax County, Virginia. On August 12, 1989, Hess became involved in an altercation in the District of Columbia with Daniel Boccagno, also a resident of Fairfax County. Boccagno brought suit in the District of Columbia against Hess, alleging injuries as a result of the altercation. The suit in the District of Columbia alleges three counts, assault and battery, intentional infliction of emotional distress, and negligence. Boccagno seeks both compensatory and punitive damages. State Farm denies that its policy affords coverage to Hess because the acts committed by Hess "were intentional and expected from his standpoint . . ." and because Hess did not give timely notice of the claim and of the suit. Boccagno filed this Motion to Dismiss and/or Stay, arguing that the responsibility of State Farm to provide coverage to Hess depends, at least in part, on the outcome of the tort case in the District of Columbia.

State Farm relies upon the case of *Reisen v. Aetna Life & Casualty Co.*, 225 Va. 327 (1983). It would be hard to find a case more on point. In that case, the insured allegedly ran down a pedestrian on a sidewalk. The Court in the declaratory judgment appeal said: "the question of whether declaratory judgment lies to decide a coverage question when the ultimate issue of fact determining coverage is set for adjudication in a related, pending tort action." 225 Va. at 329. The Court answered the question, saying: "declaratory judgment will lie . . . even though the fact deciding coverage is set for adjudication in the related tort action." 225 Va. at 336. Further, in this case the coverage question raised by the notice issue will not be decided in the tort case. Thus, this court has jurisdiction to consider the declaratory judgment action, and this action should not be stayed.