## CIRCUIT COURT OF FAIRFAX COUNTY

Finch

v.

Richetti et al.

January 4, 1993

Case No. (Chancery) 127823

BY JUDGE MICHAEL P. MCWEENY

This matter comes before the Court on co-defendant Richetti's Demurrer. After hearing oral argument and considering the written memoranda of counsel, the Court sustains the Demurrer and dismisses this suit with prejudice.

Complainant, Mrs. Finch, and co-defendant, Mr. Finch, are husband and wife who are concurrently involved in divorce litigation also pending in this Court. This Bill of Complaint for declaratory judgment relates to a loan agreement entered into by Mr. Finch before the parties were separated. On or about June 1, 1985, Mr. Finch borrowed $25,000 from co-defendant Richetti. The loan agreement was secured by real property ("the Property") solely titled in Mr. Finch and provided for payments in equal monthly installments until June 1, 1991, with compounded interest at twenty-one percent.

As part of the pending divorce suit, Judge Fortkort ruled that the Property was marital property with the loan being a charge against the marital estate. As a result of this ruling, Mrs. Finch's share of the estate was reduced by approximately one-half the value of the debt. Mrs. Finch now asks this Court to declare the loan agreement usurious and unlawful so that it cannot serve to reduce her share of the marital estate.

On demurrer, Richetti maintains that Mrs. Finch has no standing to seek a declaratory judgment regarding the loan agreement because she is neither a party to the agreement nor a party having any interest in

the Property. He argues that the Bill of Complaint amounts to a collateral attack on the loan agreement by a third party.

Virginia Code § 8.01–184 provides that the Court has the power to issue declaratory judgments "in cases of actual controversy" where there is an "actual antagonistic assertion and denial of right." The controversy must be justiciable, that is, one in which there are specific adverse claims, based on present facts, that are ripe for adjudication. *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331 (1983) (citation omitted). But a declaratory judgment is not appropriate where it would be determinative of factual issues, rather than interpretative of definite stated rights, status, and other relations expressed in a written instrument. *Williams v. Bank of Norfolk*, 203 Va. 657, 663 (1962) (citation omitted). The purpose of a declaratory judgment is to guide the parties in their future conduct in relation to each other, thereby relieving them from the risk of taking undirected action which would jeopardize their interest. *Liberty Mutual Ins. Co. v. Bishop*, 211 Va. 414 (1970), cited with approval in *Reisen*, 225 Va. at 335.

The Court finds that Mrs. Finch does not set forth a basis for declaratory judgment; specifically, she does not have a justiciable interest in respect to the loan agreement. She is not a party to the agreement, and the court is not aware of any authority for the proposition that one spouse is in privity to the contracts of the other spouse purely by virtue of the marital relationship. Certainly, Mrs. Finch has no legal right to enforce the loan agreement against Richetti just as Richetti could not enforce the loan agreement against Mrs. Finch. Mere financial interest in having the loan agreement declared void is not sufficient to create a justiciable interest in the contract on behalf of Mrs. Finch.

In actuality, Mrs. Finch seeks a determination of factual issues surrounding the contract. Usury and unlawful contract are affirmative defenses, personal to Mr. Finch the contracting party, to the enforceability of the contract. A determination of these issues would go beyond an interpretation of rights under the agreement. Any declaratory judgment rendered by this Court would be binding on all parties to the controversy, and as such, would affect the respective rights of the defendants in regard to their contractual relationship when neither of them has sought such an adjudication. And to treat the judgment as non-binding would make it no more than an advisory opinion. This Court lacks the power to render advisory opinions. *Erie*

*Insurance Group v. Hughes,* 240 Va. 165, 170 (1990); *Reisen,* 225 Va. at 331.

Counsel for Mrs. Finch opposed the demurrer on the basis that Mrs. Finch's dower interest in the Property gives her standing to attack the loan agreement. Dower, however, has been abolished in Virginia, and any augmented estate interest that Mrs. Finch might have is a future interest not ripe for judicial determination at this time.

The Court is not insensitive to the fact that Mr. Finch's failure to attack a potentially void liability may result in prejudice to Mrs. Finch. However, the equitable distribution hearing is an available forum where Mrs. Finch may properly dispute the allocation/division of the debt and present evidence, if any, as to the debt's unlawful and/or non-marital character.

Based on the foregoing reasons, the Court sustains the Demurrer and further declines to entertain jurisdiction in this cause. Whether or not jurisdiction under the Declaratory Judgment Act shall be taken is within the Court's sound discretion. *Williams,* 203 Va. at 662.