## CIRCUIT COURT OF FAIRFAX COUNTY

Patricia Dove Green et al.

v.

Francis Robert Dove et al.

March 15, 1995

Case No. (Chancery) 134589

By Judge Stanley P. Klein

This matter came before the Court on the Demurrers filed by Defendants Commercial Credit Corporation and Mundaca Investment Corporation. After the parties' oral arguments on March 10, 1995, the Court took the matter under advisement to determine whether the Demurrers should be sustained because Petitioner Green is not qualified as a personal representative in the Commonwealth of Virginia. For the reasons set forth below, both Demurrers are sustained and the action is dismissed without prejudice to refiling.

Petitioners do not dispute that Green is not qualified as the personal representative of her mother's estate pursuant to Va. Code § 26-59 but nonetheless argue that the case should not be dismissed because Green can cure this defect by qualifying while the action remains pending. In support of this position petitioners cite *Video Engineering Co. v. Foto-Video Electronics, Inc.*, 207 Va. 1027 (1967). In *Video Engineering*, the Court interpreted Va. Code § 13.1-119 which provided that "[n]o foreign corporation transacting business in this State, without a certificate of authority shall be permitted to *maintain* any action, suit or proceeding in any court of this State, until such corporation shall have obtained a certificate of authority." *Id.* at 1028, *citing* Va. Code § 13.1-119 (emphasis in original). In defining the word "maintain" as "a continuation of [a] proceeding already begun," the Court held that compliance with the requirements of the statute before judgment was sufficient to entitle the Corporation to continue its action against the defendant. *Id.* at 1029, 1030-31.

4

The analysis of *Video Engineering* is not applicable in this context where it has been held that a foreign administrator, not qualified in Virginia, is without authority to *institute* an action or suit in the courts of Virginia. *See Wackwitz, Adm'r v. Roy*, 244 Va. 60, 63-64 (1992), *citing McDaniel v. North Carolina Pulp Co.*, 198 Va. 612, 615 (1956). Va. Code § 8.01-184 affords this Court the power to issue declaratory judgments but does not grant the authority to render advisory opinions, decide moot questions, or answer speculative inquiries. *Reisen v. Aetna Life & Casualty Co.*, 225 Va. 327, 331 (1983). Courts cannot afford relief by way of declaratory judgment when they lack the power to bind all parties to the controversy as no justiciable controversy is deemed to exist. *Erie Ins. Group v. Hughes*, 240 Va. 164, 170 (1990).

Because Petitioner Green, a party necessary to the adjudication of this action, is not properly before the Court, the Demurrers are sustained. The action is hereby dismissed without prejudice but may be refiled upon the qualification of Green pursuant to Va. Code § 26-59.