## CIRCUIT COURT OF THE CITY OF NORFOLK

Isabelle L. Richmond

v.

Trigon Ins. Co.

January 16, 2002

Case No. (Law) L01-2424

BY JUDGE CHARLES D. GRIFFITH, JR.

I have reviewed the authorities presented on January 11, 2002, at the hearing on Defendant's Special Plea to Jurisdiction and Motion to Dismiss the Plaintiff's Motion for Declaratory Judgment. In *Reisen v. Aetna Life & Casualty Co.*, 225 Va. 327 (1983), the Supreme Court of Virginia notes that the provisions of Virginia Code § 8.01-184 empower circuit courts to make, "binding adjudications of right" in cases of "actual controversy" where there is "antagonistic assertion and denial of right." In *Reisen*, the Supreme Court notes that the statutes are to be "liberally interpreted and administered with a view to making the courts more serviceable to the people" but that the controversy must be "justiciable" and one wherein there are "specific adverse claims" involving facts that are "ripe for judicial adjustment." *Reisen*, 225 Va. at 331.

In *USAA Casualty Ins. Co. v. Randolph*, 225 Va. 342 (1998), the Supreme Court of Virginia notes that the authority to enter a declaratory judgment is a discretionary act of the court which must be exercised with care and caution. *Randolph*, 225 Va. at 346. The Supreme Court further notes that a factor to consider is whether resolution of a declaratory judgment would prevent multiple actions from occurring. *Randolph*, 225 Va. at 346. Finally, if exercising declaratory judgment, "regarding a disputed fact would be determinative of issues, rather than a construction of definite stated rights, status, or other relations, commonly expressed in written instruments, the case is not appropriate for declaratory judgment." *Randolph*, 255 Va. at 346.

In this case, even if the Court heard the declaratory judgment action and determined that Dr. Richmond's contract was to be interpreted in a particular

manner, the defendant in this action, Trigon, would not necessarily be prevented from instituting an action on the contract for the amount which Trigon claims Dr. Richmond was paid due to their claim of overbilling. Further, the declaratory judgment action would necessarily require the resolution of a disputed fact, namely, whether Dr. Richmond through some manner did, or did not, overbill Trigon and is not specifically designed merely to construe the contract and whether Dr. Richmond has specific rights under that contract. Therefore, the Court's determination is that this matter is not appropriate for a declaratory judgment and grants Defendant's Motion and dismisses the Declaratory Judgment action.