# CIRCUIT COURT OF THE CITY OF RICHMOND

Truslow, Inc.

v.

Thomas M. Gibbs

October 3, 2002

Case No. HS-623

BY JUDGE MELVIN R. HUGHES, JR.

In this case, the defendant has filed a demurrer challenging whether plaintiff's Motion for Declaratory Judgment states a claim for the relief. The suit concerns a commercial lease of real property entered into by plaintiff, the landlord, and defendant, the tenant.

On demurrer, the court examines the allegations in the plaintiff's pleading to determine if they constitute a cause of action. *Peck v. Vector Resources Group, Ltd.*, 253 Va. 310 (1997). Plaintiff's allegations are taken as true for this purpose. *W. S. Carnes, Inc. v. Board of Supervisors*, 252 Va. 377 (1996). *See also Wedding, Inc. v. Bland County Service Auth.*, 261 Va. 218, 227-28 (2001).

The facts as alleged can be summarized as follows.

Defendant, Thomas Gibbs, signed a lease agreement as tenant with plaintiff Truland Systems Corporation (Truland) as landlord in 1996 for a five year term from March 1, 1997, to February 28, 2002. The lease had an option to renew for another five years. In a prior suit initiated by Gibbs against Truland for declaratory relief, the court sustained Truland's demurrer holding the option void and unenforceable. The court permitted Gibbs leave to file an Amended Motion for Judgment. After Truland filed a demurrer to Gibbs' Amended Motion for Declaratory Judgment, Gibbs took a nonsuit. By letter dated March 6, 2002, two days before Gibbs was allowed the nonsuit, Truland advised Gibbs that the lease will terminate on February 28, 2003.

Here, Truland maintains that the original lease agreement automatically renewed for one year under an applicable lease provision until February 28,

2003, because the parties could not agree on the start and end dates of the "new" lease agreement proposed by Gibbs and because the option to renew had been declared void and unenforceable. Gibbs, on the other hand, asserts he is entitled to possession beyond February 28, 2003, because he properly exercised the option to renew for an additional five years in November, 2000. Under the lease, Special Covenant 5, the parties agreed that "the Lessee will have the option of an additional 5 years rent to be negotiated 6 months prior to the expiration date."

Truland asks the court to declare: (1) the option to renew void and unenforceable; (2) the proposed lease agreement unenforceable; (3) and the termination date of the original lease agreement is February 28, 2003. In addition, Truland asks for court costs and attorney's fees.

With no allegation of an action taken or threatened by him to assert a right under the lease option provision for an extended five year term, Gibbs contends there is no actual controversy between the parties for purposes of declaratory relief.

With regard to a declaratory relief, Virginia Code § 8.01-184 states:

> In cases of *actual controversy*, circuit courts within the scope of their respective jurisdictions shall have power to make binding adjudications of right, whether or not consequential relief is, or at the time could be, claimed and no action or proceeding shall be open to objection on the ground that a judgment order or decree merely declaratory of right is prayed for. Controversies involving the interpretation of deeds, wills, and *other instruments of writing*, statutes, municipal ordinances, and other governmental regulations, may be so determined, and this enumeration does not exclude other instances of actual antagonistic assertion and denial of right.

(Emphasis added.)

Further, Va. Code § 8.01-191 states that the declaratory judgment statute is remedial in nature and must be "liberally interpreted." Whether a matter is justiciable depends on whether there are specific adverse claims based on existing facts which are ripe for adjudication. *Mosher Steel-Virginia v. Tieg*, 229 Va. 95, 100 (1985).

Va. Code § 8.01-184 permits a party like Truslow to seek the court's guidance on his landlord/tenant relationship with Gibbs. The pleadings do state a cause of action upon which relief can be granted. The claims of each party are adverse to the other and are ripe for adjudication.

Under *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 335, 302 S.E.2d 529 (1983), even if the disputed fact is to be adjudicated at a later date, Truslow has the option to determine its legal rights by seeking an interpretation of the lease agreement through a request for declaratory judgment.

For the foregoing reasons Gibbs' Demurrer is overruled.