# CIRCUIT COURT OF THE CITY OF WINCHESTER

Lawrence Turner

    v.

Doris L. Ewing,
Manager

September 15, 2003

Case No. (Law) 02-323

BY JUDGE JOHN E. WETSEL, JR.

This matter came before the Court on the Respondent's Motion to Dismiss and various motions of the Petitioner arising from a dispute over the sequence in which the Petitioner has served sentences imposed by this Court and the Circuit Court of Rappahannock Count as determined by the Department of Corrections. Upon consideration whereof, the Court has decided to grant the Petitioner's Motion for a summary declaratory judgment and to declare that he has served the sentences imposed by this court.

## I. *Statement of Material Facts*

The following facts are established by the record in this case.

Petitioner was originally detained pursuant to a twelve year sentence imposed by the Circuit Court of the City of Winchester by order dated April 12, 1989: ten years for the abduction of Walter Turkowsky, a Winchester Police Officer, in violation of Virginia Code § 18.2-47 and two years for the use of a firearm in the commission of the crime of abduction in violation of Virginia Code § 18.2-53.1. The Petitioner was arrested in Winchester on these charges on September 10, 1988, and he has been continuously in custody since that arrest.

At the time of his arrest, the Petitioner was on parole on sentences imposed by the Circuit Court of Rappahannock County, and on June 19, 1989, after the Petitioner's sentencing on the Winchester charges, the Parole Board revoked Petitioner's parole on the Rappahannock sentences.

Petitioner claims that, at his April 25, 2002, and June 26, 2003, parole hearing, the Parole Board considered the Winchester sentence to be an active sentence. While the Respondent originally stated in her Motion to Dismiss, paragraph 11:

> There is also the matter that, according to the Summary Audit attached to the Respondent's affidavit, the VDOC in fact shows that, by virtue of its calculations, Turner has actually completed service of the sentence this Court [Winchester] imposed for kidnapping/abduction.

Based on this admission, this Court issued a Final Order on April 18, 2003, dismissing the case, because the parties agreed that the Winchester sentences had been served.

On April 23, 2003, the Respondent filed a Motion to vacate the April 18, 2003, order, because it had made a mistake, so the Court vacated the April 18, 2003, order to allow the parties to submit additional facts and authorities.

In 1992, the Petitioner was denied habeas corpus relief by this Court based on the Winchester convictions at issue in this case. Winchester Law No. 92-6.

## II. Conclusions of Law

There are no material facts in dispute in this case.

Recently in *Hoffman Family, L.L.C. v. Mill Two Assocs. PHSP*, 259 Va. 685, 692-93, 529 S.E.2d 318 (2001), the Supreme Court stated:

> The circumstances under which a circuit court may render a declaratory judgment are provided for by statute and have been frequently addressed in our prior decisions. Under the Declaratory Judgment Act (the Act), Code §§ 8.01-184 through 8.01-191, circuit courts have the authority to make "binding adjudications of right" in cases of "actual controversy" when there is "antagonistic assertion and denial of right." Code § 8.01-184; *Blue Cross & Blue Shield v. St. Mary's Hospital*, 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); *Erie Insurance Group v. Hughes*, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990); *Reisen v. Aetna Life & Casualty Co.*, 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983). The Act does not give trial courts the authority to render advisory opinions, to decide moot questions, or to answer inquiries that are merely speculative. *Blue Cross*, 245 Va. at 35, 426 S.E.2d at 123; *Erie*, 240 Va. at 170, 393 S.E.2d at 212; *Reisen*, 225 Va. at 331, 302 S.E.2d at 531. The Act also is not to be

used as an instrument of procedural fencing, either to secure delay or to choose a forum. *Liberty Mutual Insurance Co. v. Bishop*, 211 Va. 414, 419, 177 S.E.2d 519, 522 (1970); *Williams v. Southern Bank*, 203 Va. 657, 662, 125 S.E.2d 803, 807 (1962).

In this case, there is a justiciable controversy over whether the Petitioner has served the sentences imposed by this Court.

Where a prisoner's parole is revoked after he has been imprisoned on another offense, as happened in this case, the sentences revoked for parole violation are served after the sentence for the new offence. *Peyton v. Williams*, 206 Va. 595, 145 S.E.2d 147 (1965); and *Grace v. Peyton*, 207 Va. 688, 152 S.E.2d 292 (1967).

The respondent argues that the sequence of sentences served makes no difference to the Parole Board because they do not consider a case until the inmate has served enough time to become parole eligible on his total term of imprisonment. Apparently, the Parole Board follows the rule that the whole is equal to the sum of its parts, so the sequence of those parts makes no difference to its decision. However, the sequence of the sentence may make a difference legally in terms of the outcome of a particular case, and it does affect the jurisdiction of the court as illustrated by the holding in *Peyton* v. *Williams*. Moreover, if the Winchester sentences have been served, then this case is the swan song for this Court's relationship with Mr. Turner and his prior convictions.

It has now been over fourteen years since this Court sentenced Mr. Turner to a twelve year sentence. If that twelve year sentence has been served, this Court no longer has any jurisdiction whatsoever over matters filed by Mr. Turner, which is an important consideration to this Court.

The sequence of sentences served should be determined by some clear calculus. It should not be so confusing that both a Senior Assistant Attorney General and the Court, upon reviewing the records of the Department of Corrections, reach the same conclusion as the inmate, who is directly affected by the calculation, but then are told by the Department of Corrections that they are all wrong!

This case presents a Kafkian paradox. The Department of Corrections claims that the sequence of the sentences makes no difference to the judgment of the Parole Board. If that is true, why all the fuss? The Department's position prompted the Court to recall Hamlet: "The lady doth protest too much, methinks." The predicate for revocation of the Petitioner's parole was the Winchester convictions, and the Petitioner's parole was revoked after the

Winchester convictions. This is consonant with both customary practice and legal precedent. *See Peyton v. Williams, supra.*

The Petitioner has served the sentences imposed by the Winchester Circuit Court. Therefore, the Petitioner is now serving the Rappahannock County sentences which were revoked after the Winchester convictions.

Discretionary parole decisions are exclusively within the jurisdiction of the Parole Board, and this court cannot invade the Parole Board's prerogative under the guise of a declaratory judgement, so this Court makes no decision as to the Petitioner's parole eligibility.

### III. *Decision*

For the foregoing reasons, it is adjudged and ordered that:

1. The Petitioner has served the sentences imposed by this Court and is presently serving the Rappahannock County sentences on which his parole was revoked as a result of the Winchester convictions.

2. Petitioner's Motion for Sanctions is denied.