284

## CIRCUIT COURT OF THE CITY OF RICHMOND

Gary W. Stumpf

v.

Brown Distributing Co., Inc.

September 15, 2009

Case No. CL09-1024

BY JUDGE MELVIN R. HUGHES, JR.

This case involves a claim by a former company executive against his corporate employer for additional compensation allegedly due after he left the company. In addition to defending against plaintiff's claim, the company has filed a counterclaim seeking declaratory relief. Now before the court are plaintiff's motion to dismiss defendant's counterclaim, motion to strike defendant's affirmative defense of novation, and a motion craving oyer for production of an "overall agreement" which defendant has alleged defeats plaintiff's claim.

Gary Stumpf, plaintiff, became employed with Brown Distributing Company, defendant, in 2002 and remained so until 2008. Defendant is a franchisee of Anheuser-Busch. Under the franchise agreement, defendant is charged with finding and implementing means to induce plaintiff to work well and grow the company. Toward that end, the parties executed an Equity Growth Incentive Agreement. The agreement provides that within thirty days after termination, plaintiff would receive a sum of money known as the Executive Incentive Value. Later, they executed another agreement called the Stock Purchase Agreement which detailed a different scheme of providing executive incentive using company stock. Plaintiff argues that he has rights under both, but has chosen for now to pursue only a claim under the first.

First, as to plaintiff's motion to dismiss, at the core of the parties' differences is whether an overall agreement exists, which defendant contends holds plaintiff to receiving the greater sum of the Equity Grown Incentive Agreement or the Stock Purchase Agreement. Plaintiff asserts that defendant's counterclaim for declaratory relief is improper because it seeks to resolve a disputed fact, i.e. the existence of the overall agreement. While denying its existence, plaintiff agrees the parties had discussions but that no agreement was ever forthcoming. The court will deny the motion.

Declaratory judgment can be a suitable remedy to be invoked even where there are disputed facts. *Reisen v. Aetna Life & Casualty Co.*, 225 Va. 327, 302 S.E.2d 529 (1983). The General Assembly has recognized this because, in enacting Va. Code § 8.01-188, a right of trial by jury is provided "[w]hen a declaration of right or the granting of further relief thereon shall involve the determination of issues of fact triable by a jury, such issues may be submitted to a jury." Here, plaintiff concedes that the parties may have engaged in contacts with the end of reaching perhaps a superceding agreement. Defendant, on the other hand, asserts that the parties did just that. This makes for a factual dispute which the declaratory relief statute can accommodate by resolution of the issues by a fact finder, including a jury if need be.

Second, plaintiff contends there can be no novation as pleaded because no facts have been asserted to indicate that that was the parties' intent. Defendant contends that, when provisions of the Stock Purchase Agreement are analyzed, the legal effect is a novation. This issue is better resolved during later stages of the proceedings rather than now at the pleading stage. Defendant has pleaded sufficient facts to raise an issue of fact regarding the parties' intent even in light of the merger clause cited by defendant embodied in Miscellaneous Provision (f) of the Stock Purchase Agreement. The Court will deny plaintiff's motion to strike defendant's alternative affirmative defense of novation.

Lastly, as to the motion craving oyer, defendant has alleged that plaintiff knew and understood that, through the overall agreement, he would be bound to the greater amount between the two agreements and this was a commitment made orally and in writing. To the extent defendant relies on a writing embodying the overall agreement it contends exists, plaintiff should be provided with such writing as a response to the craving oyer motion.