## CIRCUIT COURT OF HANOVER COUNTY

Martin Marietta
Materials, Inc.

v.

Charles Sletten et al.

January 11, 2010

Case No. CL09-001081-00

BY JUDGE J. OVERTON HARRIS

Before the Court is Plaintiff's Demurrer to Defendants' Counterclaim, Defendant's Motion to Dismiss, and Motion for Partial Summary Judgment. The Court heard argument on the motions on November 10, 2010, and took the matter under advisement. Following thorough review of the pleadings, the memoranda and briefs filed by counsel, the evidence presented, and the law, the Court finds as follows.

### I. *Background*

Plaintiff is a North Carolina corporation that operates a granite mine in Hanover County, Virginia. Defendants own four parcels of property adjacent to or in the vicinity of Plaintiff's granite mine. Since July 2006, the parties entered into several contracts related to the transfer of various rights in all four of the parcels owned by one or more of the Defendants.

The first contract, referred to as the "Sletten Family Contract," was entered into on July 11, 2006, and gave Plaintiff a right of first refusal in the four parcels in exchange for farmland clearing services and crushed granite. The second contract, referred to as the "Farm Lease," was entered into on July 14, 2006, and included the following provision:

Lessee [Defendants] agree not to oppose either directly or indirectly and will actively support any effort by [Plaintiff] to obtain a change in zoning, a special or conditional use permit or a mining permit . . . on any part of any property owned, leased, or optioned by [Plaintiff] that is part of or is near or in the vicinity of [Plaintiff's] Doswell Quarry.

Also in July 2006, one of the defendants, Charles Sletten, sold Plaintiff a parcel of property located next to Plaintiff's granite mine. The Agreement for Purchase and Sale contained a right of first refusal in the other adjacent property, which includes the four parcels at issue. In addition, the Agreement for Purchase and Sale states that Charles Sletten "will not oppose and will support any effort by [Plaintiff] to obtain zoning and permitting for the Property and for any other adjacent property in connection with the operation of [Plaintiff's] Doswell quarry."

Pursuant to the Farm Lease and the Agreement for Purchase and Sale, from 2006 through the first quarter of 2008, the Defendants supported Plaintiff's efforts to obtain a conditional use permit ("CUP") for the parcels. However, in July 2009, the Defendants submitted an application to Hanover County seeking removal of two of the parcels from the CUP. Plaintiffs now assert that Defendants' efforts to remove the parcels from the CUP constitutes a breach of the Farm Lease and the Agreement for Purchase and Sale. At the November 10, 2010, hearing, the parties stipulated that the Defendants have withdrawn their application.

Additionally, in October 2009, Plaintiff learned that Defendants seek to impose conservation easements on their properties in accordance with their rights under the Open Space Land Act and/or Virginia Conservation Easement Act. Plaintiff alleges that the conservation easement would prevent the commercial or industrial use of the parcels in perpetuity and would prevent the parcels from being used for extraction, overburden storage, and other mining activity. Plaintiff now objects to the conveyance of a conservation easement and claims that it violates the Plaintiff's rights of first refusal.

## II. *Standard of Review*

A demurrer may be employed to strike a pleading that does not state a cause of action or fails to state facts upon which relief may be granted. Virginia Code § 8.01-273. A demurrer admits the factual pleadings to be true and accepts any reasonable factual inferences fairly and justly drawn from them. *Fox v. Custis*, 236 Va. 69, 71, 372 S.E.2d 373, 374 (1988). "A court may examine not only the substantive allegations of the pleading attached, but also any accompanying exhibit mentioned in the pleading."

*CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277, 278 (1993). The demurrer does not, however, admit the correctness of the pleading's conclusions of law. *Fox*, 236 Va. at 69, 372 S.E.2d at 373. Upon examination and consideration of the exhibits, the Court "may ignore a party's factual allegations contradicted by the terms of authentic, unambiguous documents that properly are a part of the pleadings." *Ward's Equip., Inc. v. New Holland N. Am.*, 254 Va. 379, 382, 493 S.E.2d 516, 518 (1997); *see Dodge v. Randolph-Macon Women's College*, 276 Va. 1, 5, 661 S.E.2d 801, 803 (2008).

Summary judgment should be granted where "the only dispute concerns a pure question of law. It applies only to cases in which no trial is necessary because no evidence could affect the result." *Carwile v. Richmond Newspapers, Inc.*, 196 Va. 1, 5, 82 S.E.2d 588, 591 (1954). "Summary judgment shall not be entered if any material fact is genuinely in dispute." Va. Sup. Ct. R. 3:20. "The burden of establishing the nonexistence of a genuine issue of fact is on the party moving for summary judgment, and the court must view the facts and inferences in a light most favorable to the non-moving party." W. Hamilton Bryson, *Virginia Civil Procedure*, § 6.07 (4th ed. 2005) (citing *Carson v. LeBlanc*, 245 Va. 135, 427 S.E.2d 189 (1993)). Summary judgment is based upon "the pleadings, the orders, if any, made at a pretrial conference, the admissions, if any, in the proceedings, or, upon sustaining a motion to strike the evidence." Va. Sup. Ct. R. 3:20.

## III. *Analysis*

### A. *Plaintiff's Demurrer to Count III of Defendants' Counterclaim*

In Count III of the Defendants' Counterclaim, Defendants seek a declaration that they may proceed with the CUP Amendment Application and that such action does not breach any of the Defendants' contractual obligations owed to Plaintiff. Plaintiff demurs to Count III of Defendants' Counterclaim arguing that it should be dismissed because declaratory judgment is improper in this case.

Pursuant to the Declaratory Judgment Act, Virginia Code §§ 8.01-184 through 8.01–191, "circuit courts have the authority to make 'binding adjudications of right' in cases of 'actual controversy' when there is 'antagonistic assertion and denial of right'." *USAA Cas. Ins. Co. v. Randolph*, 255 Va. 342, 345-46, 497 S.E.2d 744, 746 (1998) (citing Va. Code § 8.01-184; *Blue Cross & Blue Shield v. St. Mary's Hosp.*, 245 Va. 24, 35, 426 S.E.2d 117, 123 (1993); *Erie Ins. Group v. Hughes*, 240 Va. 165, 170, 393 S.E.2d 210, 212 (1990); *Reisen v. Aetna Life & Cas. Co.*, 225 Va. 327, 331, 302 S.E.2d 529, 531 (1983)). The purpose of the Declaratory Judgment Act "is to provide relief from the uncertainty arising out of controversies over legal rights." *Id.* at 346, 497 S.E.2d at 746 (citing Va. Code § 8.01-191;

*Erie*, 240 Va. at 170, 393 S.E.2d at 212; *Reisen*, 225 Va. at 331, 302 S.E.2d at 531). "The authority to enter a declaratory judgment is discretionary and must be exercised with great care and caution. . . . As a rule, this authority will not be exercised when some other mode of proceeding is provided." *Id.* (citing *Liberty Mut. Ins. Co. v. Bishop*, 211 Va. 414, 421, 177 S.E.2d 519, 524 (1970)).

In the present case, Plaintiff, in Count I of its Complaint, alleges that the Defendants' CUP application breaches various contracts between the parties. Plaintiff's breach of contract claim involves the same issue and the same parties as the Defendants' declaratory judgment claim; specifically, whether the Defendants' may pursue the CUP amendment application in light of the Defendants' contractual obligations to Plaintiff. Upon deciding Plaintiff's breach of contract claim, the Court will have nothing further to decide with respect to the Defendants' declaratory judgment claim. Allowing Count III of Defendants' Counterclaim to proceed would be an inefficient use of the Court's time and resources. Accordingly, Plaintiff's Demurrer to Count III of Defendants' Counterclaim is sustained.

## B. *Plaintiff's Demurrer to Count VI of Defendants' Counterclaim*

In Count VI of Defendants' Counterclaim, Defendants seek a declaration that, "if the [Defendants] have not made or received a bona fide offer to sell the subject Parcels by July 11, 2027, and July 14, 2027," then the rule against perpetuities applies to void Plaintiff's right of first refusal. Plaintiff demurs to Count VI of Defendants' Counterclaim on the basis that Defendants have failed to allege the existence of an actual controversy in Count VI.

Declaratory relief is only available in "cases of actual controversy." Virginia Code § 8.01-184. "[T]he controversy must be 'justiciable,' that is, one in which there are 'specific adverse claims,' based on present facts, that are 'ripe for judicial adjustment'." *Reisen*, 225 Va. at 331, 302 S.E.2d at 531 (citing *City of Fairfax v. Shanklin*, 205 Va. 227, 229, 135 S.E.2d 773, 775 (1964)). The Declaratory Judgment Act does not "vest the courts with authority to render advisory opinions, decide moot questions, or answer merely speculative inquiries." Id. (citing *City of Fairfax*, 205 Va. at 230-31, 135 S.E.2d at 776).

Count VI of Defendants' Counterclaim does not allege the existence of an actual justiciable controversy, which is a required element to sustain a declaratory judgment. Accordingly, Plaintiff's Demurrer to Count VI of Defendants' Counterclaim is sustained. Count VI of Defendants' Counterclaim is dismissed and the Court grants Defendants leave to amend.

## C. *Defendants' Motion To Dismiss Counts I and III of Plaintiff's Complaint*

Defendants' seek to dismiss Counts I and III of Plaintiff's Complaint. Counts I and III of the Complaint are claims for breach of contract stemming from the Defendants' CUP amendment application. The Defendants assert that, because they voluntarily withdrew the CUP amendment application, Plaintiff's breach of contract claims are now moot.

"As a general rule, 'moot questions are not justiciable, and courts do not rule on such questions to avoid issuing advisory opinions'." (*Harrisonburg Rockingham Soc. Servs. Dist. v. Shifflett*, No. 2375-04-3, 2005 Va. App. LEXIS 280, at *7 (Va. App. July 19, 2005)). It is the duty of courts "to decide actual controversies by a judgment which can be carried into effect, and not give opinions upon moot questions or abstract propositions. . . ." *Potts v. Mathieson Alkali Works*, 165 Va. 196, 225 181 S.E.521, 533 (1935). "Whenever it appears or is made to appear that there is no actual controversy between the litigants, or that, if it once existed it has ceased to do so, it is the duty of every judicial tribunal not to proceed to the formal determination of the apparent controversy, but to dismiss the case." *Hankins v. Virginia Beach*, 182 Va. 642, 643, 29 S.E.2d 831, 832 (1944).

In this case, the parties agree that Defendants voluntarily withdrew the CUP amendment application after Plaintiff filed its Complaint. As to Counts I and III of the Complaint, the Court finds that Plaintiff's requests for an injunctive order requiring the Defendants to withdraw their application to remove Parcel One and Parcel Two from the CUP are moot. Accordingly, Defendants' Motion to Dismiss as to those portions of Count I and III is granted. Plaintiff's request for an injunctive order enjoining the Defendants from attempting to remove Parcel One and Parcel Two from the CUP in the future is denied. Presently, there is no actual controversy, and ruling on the issue would result in the Court issuing an advisory opinion.

Counts I and III also contain Plaintiff's requests for compensatory damages in the principal amount of $10,000,000 for breach of contract. The fact that the Defendants voluntarily withdrew the CUP application does not cure the alleged breach and the alleged damages flowing therefrom. Plaintiff's breach of contract claims and requests for compensatory damages are not moot, and therefore the Court denies Defendants' Motion to Dismiss as to those portions of Counts I and III of the Complaint.

## D. *Defendants' Motion for Partial Summary Judgment*

Defendants' request that the Court grant their Motion for Partial Summary Judgment against Plaintiff as to Count V of Plaintiff's Complaint and Count IV of Defendants' Counterclaim seeking declaratory relief.

Specifically, Defendants ask the Court to find that, as a matter of law, the rights of first refusal alleged by Plaintiff do not prevent the Defendants from placing conservation easements on their properties.

Defendants argue that summary judgment should be granted based on the plain and unambiguous language of the contracts. The Sletten Family Contract states:

> [Defendants] grant to [Plaintiff] a Right of Refusal on their Currently Owned Property (adjacent to the quarry). If [Defendants] receive a bona fide offer to purchase all or any part of their Currently Owned Property or if [Defendants] make a bona fide offer to sell all or any part of their property, [Defendants] shall first offer in writing to sell to [Plaintiff] the property or portion thereof (as the case may be), that is the subject of the offer at the same price, terms, and conditions as set forth in the offer. . . .

The Agreement for Purchase and Sale entered into by Plaintiff and Charles Sletten states:

> Seller [Charles A. Sletten] grants to [Plaintiff] a Right of Refusal on [Charles Sletten's] Currently Owned Property. If [Charles Sletten] receives a bona fide offer to purchase all or any part of [his] Currently Owned Property or if [Charles Sletten] make a bona fide offer to sell all or any part of [his] property, [Charles Sletten] shall first offer in writing to sell to [Plaintiff] the property, or portion thereof (as the case may be), that is the subject of the offer at the same price, terms, and conditions as set forth in the offer. . . .

Defendants argue that, based on the plain language of the contracts, the right of first refusal is triggered only where there is a purchase or sale of a fee simple interest. Defendants also argue that, when granting a conservation easement, there is no sale of property because the owner does not give up his or her underlying fee in the property. Therefore, the right of first refusal does not apply to the granting a conservation easement. According to Defendants, the contractual provisions pertaining to the right of first refusal are unambiguous, and there are no facts in dispute that would affect their interpretation and construction. The Court disagrees.

"In the construction of a contract, the whole instrument is to be considered; not any one provision only, but all its provisions; not the words merely in which they were expressed, but their object and purpose, as disclosed by the language, by the subject matter, and the condition and relation of the parties." *Worrie v. Boze*, 191 Va. 916, 925, 62 S.E.2d 876,

880 (1951). Plaintiff argues, and the Court agrees, that in this case, reading the agreements collectively and in their entirety indicates that the Parties contemplated that the Defendants would continue to farm the parcels in the near term but that Plaintiff might utilize the parcels in expanding its operations in the future and the Defendants would cooperate with Plaintiff in achieving that goal. However, Plaintiff argues that placing a conservation easement on the property would restrict the remaining interest in the land such that it could not be used for mining purposes in contravention of Plaintiff's bargained for benefit.

Defendants argue that a conservation easement is analogous to a utility easement of right of way or to the placing of a mortgage lien on the property and that the contracts between the parties do not expressly or impliedly prevent such encumbrances. Whether a conservation easement would have the impact proffered by the Plaintiff is an issue requiring a factual determination.

The Court is of the opinion that there are factual issues in dispute and that the case is not ripe for summary judgment. Accordingly, the Court denies Defendants' Motion for Partial Summary Judgment.