# Wytheville

## ANNA L. WRIGHT v. E. L. SWAIN, EDWARD SWAIN AND NELSON SMITH.

June 10, 1937.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

The opinion states the case.

*Charles B. Godwin, Jr.*, for the plaintiff in error.

*Rixey & Rixey, C. C. Sharp* and *F. E. & R. B. Kellam*, for the defendants in error.

GREGORY, J., delivered the opinion of the court.

In this case a jury has decided that Nelson Smith, one of the defendants in error, was responsible for the injuries received by his guest, Mrs. Anna L. Wright, resulting from a collision between his car and a truck operated by Edward Swain, and that the collision was occasioned by the gross negligence of Smith. Damages of $2500 were assessed in favor of Mrs. Wright but the court below set aside the verdict of the jury as to Nelson Smith and entered judgment in his favor.

Edward Swain, the driver, and E. L. Swain, the owner of the truck, were also defendants in the court below but

the verdict of the jury absolved them from blame and the judgment of that court was in their favor.

The facts material to a correct decision of the case disclose that on November 3, 1934, a short time after 5:30 P. M., Mrs. Wright, who was a passenger in the car of her son-in-law, Nelson Smith, was seriously injured as a result of the collision. She resided at the time at Virginia Beach. Nelson Smith drove his car to Norfolk and Mrs. Wright and Mrs. Smith, a sister of Mrs. Wright, accompanied him. Mr. Smith was driving a 1933 model Ford V-8 which was in good condition. After the parties had attended to their affairs in Norfolk they met Mrs. Powell, another sister of Mrs. Smith and Mr. Powell, another brother-in-law of Mrs. Smith. They all started for Virginia Beach, leaving Norfolk at 5:30 P. M. Mr. Smith was driving and Mr. Powell occupied the front seat beside Mr. Smith. Mrs. Wright, the plaintiff, and her two sisters, Mrs. Smith and Mrs. Powell, occupied the rear seat. When they reached a point on the highway leading from Norfolk to Virginia Beach, about 150 yards east of Thomas' corner, which was about four miles from Norfolk, there was a truck driven by Edward Swain slowly proceeding ahead of them in the same direction. After passing Thomas' corner, Nelson Smith, who was driving very fast, according to one witness,—60 or 70 miles an hour—, attempted to pass the truck. The highway was divided into three lanes and the truck was proceeding in the middle lane preparatory to turning to the left into a private driveway. The driver of the truck gave the hand signal of his intention to turn and also gave the rear light brake signal, which latter signal was seen by Smith. Just as the truck was being driven to the left and into the private driveway, the defendant without giving any warning attempted to pass it and in so doing, his car collided with the truck and injured the plaintiff.

The court submitted to the jury the issue of whether or not Nelson Smith was guilty of gross negligence under

the circumstances. As we have already stated, the jury decided that issue adversely to him, but the court refused to sustain the verdict and held as a matter of law that the evidence did not warrant a finding of gross negligence. If the evidence was not sufficient to sustain a finding of gross negligence against Mr. Smith then it follows that the trial court properly sustained his motion and set aside the verdict.

If the conduct of the defendant Smith amounted to nothing more than a failure to skillfully operate his car on the occasion in question, his negligence was not gross. In other words, if his conduct was only inadvertent and amounted only to a failure to be as alert or as attentive as he should have been, under all the circumstances he would not have been guilty of gross negligence because mere inattention, inadvertence or a lack of alertness, without more, is not gross negligence. On the other hand, if the evidence disclosed that his acts amounted to more than a mere failure to skillfully operate his car under the conditions then existing, measured by what an ordinarily prudent person would have done under the same circumstances, a jury might have reasonably found him guilty of gross negligence. It might also be said that if the combined force of all of his negligent acts taken as a whole was sufficient to cause a difference of opinion in the minds of fair-minded men, compelling some of them to conclude that his conduct was reckless, or in flagrant disregard of others' rights, constituting more than simple negligence, while others equally as fair-minded would be forced to conclude that such conduct constituted only a lack of ordinary care and not a wilful disregard of the rights of others, then the question of the degree of negligence, whether gross or simple, should have gone to the jury. *Drumwright* v. *Walker,* 167 Va. 307, 189 S. E. 310.

Considering the evidence here in the light of the rule announced in the case of *Drumwright* v. *Walker, supra,* and of the decision of the jury in favor of the plaintiff, our conclusion is that the finding of gross negligence by the jury as to Smith was supported by the evidence.

Some of the statutory duties of Smith were that he would not drive recklessly; that he would drive at a careful speed not greater or less than was reasonable and proper under the conditions; that he would have his car under control and would not drive from one lane in the highway to another without first ascertaining that such movement could be made with safety, in view of the situation as it then appeared; and that he would give audible warning with his horn before attempting to pass another vehicle proceeding in the same direction, and when receiving a signal from the driver of another vehicle ahead he would keep his car under complete control and be able to avoid an accident resulting from a misunderstanding of such signal. Code Supp. 1932, sec. 2154 (108); § 2154 (109), as amended by Acts 1934, ch. 265; §§ 2154 (114), 2154 (116); § 2154 (122), as amended by Acts 1934, ch. 265.

The testimony, which the jury were justified in accepting, discloses that immediately prior to the collision and just as the truck was being turned to the left into the private driveway, Smith was driving at from 60 to 70 miles an hour. He drove from one lane in the highway to another without proper regard as to whether such movement could be made safely. He gave no signal of his intention to pass the truck, and he failed to see the arm signal given by the driver of the truck, indicating that he intended turning to the left into the private driveway. He failed to keep his car under proper control.

Some of the physical surroundings were that the highway was straight and dry and there was no traffic interfering with the operation of the defendant's car other than the truck. The collision occurred a short time after 5:30 P. M. on a November day, only a short distance from Thomas' corner where there was an intersecting highway.

Passing another vehicle proceeding in the same direction requires added exertions of both drivers to avoid injury. The defendant should have observed that the truck was proceeding in the middle lane preparatory to turning into

the driveway; that the speed had been diminished and a proper signal given. He had a clear and unobstructed view and had he kept a proper look-out he could have seen that the truck was turning. He had sufficient time to have averted the collision, but, instead, he failed to slacken the speed of his car and failed to apply his brakes until too late to avoid the collision.

The defendant, Nelson Smith, has assigned cross-error. He contends that there was not sufficient evidence of his gross negligence to submit it to the jury, but from what we have already said the question was properly submitted to the jury. Exception was taken to instructions granted and refused. We have considered these along with all of those which were granted and are of opinion that no reversible error was committed by the court in this regard. The instructions granted were full and complete and we think they correctly stated the law as applicable to the evidence. There is no merit in the assignment of cross-error.

The judgment is reversed, the verdict of the jury is reinstated, and judgment is now pronounced thereon against Nelson Smith.

*Reversed and final judgment.*