# Wytheville

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY V.
ANNA L. WRIGHT.

June 12, 1939.

Record No. 2090.

Present, All the Justices.

The opinion states the case.

*Hughes, Little & Seawell,* for the plaintiff in error.

*Charles B. Godwin, Jr.,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

This action by notice of motion was brought by plaintiff, Anna L. Wright, against the defendant insurance company, to enforce a judgment obtained against Nelson A. Smith, under the terms of a casualty insurance policy issued to him by the defendant.

The case of *Wright* v. *Swain and Smith* was brought to this court by writ of error and the judgment against Smith was affirmed. *Wright* v. *Swain,* 168 Va. 315, 191 S. E. 611. The facts in that case are sufficiently set forth in the opinion and it is unnecessary to restate them at length.

In the notice of motion filed by the plaintiff against Smith and Swain, it was alleged that Smith was guilty of gross negligence, by reason of which plaintiff was severely injured. There was no definite allegation in the notice as to the status of plaintiff, who was an occupant of Smith's car at the time of the accident. Counsel for plaintiff, being of opinion that a recovery could be had upon proof of ordinary negligence, offered evidence to show that she was riding in the car of Smith as a paid passenger. This evidence was objected to by counsel designated by the insurance company to represent Smith, on the specific ground that plaintiff was not a passenger but was a guest, and that recovery could only be had upon proof that Smith was guilty of gross negligence.

The trial court sustained the objection and required plaintiff was not a passenger but was a guest, and that recovery stead of the lesser burden of ordinary care. From this point to the end of the case, the only issues involved were whether plaintiff was a guest and whether Smith was guilty of gross negligence. It was upon those issues the jury was instructed, and it was upon evidence adduced to sustain them that the verdict of the jury in favor of the plaintiff against Smith alone was predicated. Upon motion of counsel, the verdict of the jury was set aside, on the ground of lack of evidence to sustain the allegation of gross negligence, and final judgment was entered in favor of Smith.

In reversing the judgment of the trial court, Mr. Justice Gregory said that Mrs. Wright was a guest in the automobile of Smith at the time of the accident and that "the finding of gross negligence by the jury as to Smith was supported by the evidence." A final judgment was entered for plaintiff by this court.

When the instant case was tried in the lower court, the insurance company virtually defended the action on the following grounds: first, the plaintiff, at the time of the accident was a member of the family of Captain Nelson Smith and resided in the same household as defendant; second, at the time of the accident plaintiff was being carried for a consideration.

The applicable provisions of the policy are those inhibiting recovery in the case of injury received by a "member of the family residing in the same household," or by a paid passenger carried by the insured.

The first defense was submitted to the jury upon the most conflicting evidence, and was decided adversely to the present defendant. Upon the objection of the plaintiff the trial court refused to permit any evidence in regard to the second ground of defense to be introduced by defendant, for the reason that defendant having, by counsel, successfully contended in the prior trial that plaintiff was a guest and not a passenger, was now estopped to raise that issue.

■ There is no merit in the contention that the proof showed that plaintiff was a member of the household of Smith at the time of the accident. As stated, that question was submitted to the jury and its verdict upon conflicting evidence is final.

The next assignment of error is:

"The court erred in holding that the status of the plaintiff was *res adjudicata* as to this defendant."

Counsel for plaintiff contend that the holding of the court was based upon the doctrine of estoppel, while counsel for defendant contend that the holding was based upon the doctrine of *res adjudicata*.

In our opinion, a solution of the question presented does not depend upon a discussion of either doctrine. It is perfectly clear, from an examination of the two records, that from the date of the accident the defendant insurance company assumed complete control of the matter. It had the accident investigated; it employed counsel to defend the

case against Smith, and, by counsel designated by it, successfully established the status of the plaintiff as a guest.

In *C. & O. Ry. Co.* v. *Rison,* 99 Va. 18, 37 S. E. 320, it was held that when a litigant has assumed one position in a suit, he and his privies will not be permitted thereafter to take a conflicting position touching the same subject matter.

In *Sawyer* v. *City of Norfolk,* 136 Va. 66, 116 S. E. 245, this is said:

"Where there has been litigation which has in fact determined the point in controversy, and there has been a final judgment, the judgment is conclusive. When the subject matter is identical and the evidence is of necessity the same, the question cannot be reopened." Citing authorities.

There is no merit in the assignment of error.

It is further assigned as error that the court erred in refusing instruction number two which reads:

"The Court instructs the jury that by a condition of the policy of insurance here sued upon the policy does not cover the occasion while anyone is being carried for a consideration. This is a valid stipulation of the contract.

"If, therefore, you believe from the evidence in this case that at the time of the accident complained of the plaintiff, Anna L. Wright, was being carried in the automobile owned and operated by Nelson Smith for a consideration, then and in that event the policy of insurance does not cover the risk and liability arising from such accident, and you must find for the defendant.

"In considering the phrase 'being carried for a consideration' it is not necessary that there should be a money consideration for the carriage, it being sufficient that some benefit or advantage or profit shall accrue to the parties."

For the reasons heretofore stated, this assignment is without merit.

Upon the whole case, we conclude that the applicable rule is that approved by Chief Justice Prentis in *Eagle, Star and British Dominions Ins. Co.* v. *Heller,* 149 Va. 82, 140 S. E. 314, 57 A. L. R. 490. There we read:

"In the case of *Jenkins* v. *Atlantic Coast Line R. Co.*, 89 S. C. [408], 412, 71 S. E. 1010, a passenger claiming to be injured, sued the Columbia, Newberry and Laurens Railroad Company to recover damages resulting from the injury. The case being tried on the merits, there was a judgment in favor of the company. Thereafter the plaintiff brought another action in another county against the Atlantic Coast Line Railroad Company, the lessee and operator of the line, for the same cause of action. In holding that the first judgment was a bar to the second action, although the parties were not the same, the court said: ' * * the true ground upon which a former judgment, in a case like this, should be allowed to operate as a bar to a second action is not *res judicata*, or technical estoppel, because the parties are not the same, and there is no such privity between them as is necessary for the application of that doctrine; but that in such cases, on grounds of public policy, the principle of estoppel should be extended, so as to embrace within the estoppel of a judgment persons who are not, strictly speaking, either parties or privies. It is rested upon the wholesome principle which allows every litigant one opportunity to try his case on the merits, but limits him, in the interest of the public, to one such opportunity."

The judgment of the trial court will be affirmed.

*Affirmed.*

EGGLESTON, J., concurring.

I concur in the result reached in the majority opinion. But I think that the Insurance Company was estopped by the judgment entered in the case of *Wright* v. *Swain and Smith* to assert the defense that Anna L. Wright was riding in the Smith car as a paid passenger.

Under the terms of its policy the Insurance Company assumed full control of the suit against Smith. Its counsel appeared for him in both the lower court and in the appellate court and successfully established the status of Anna L. Wright as a gratuitous guest in the car.

It is well settled that under such circumstances the Insurance Company was bound by all matters litigated and decided in the suit as fully as if it had been an actual party thereto.

In 15 R. C. L., Judgments, Sec. 483, page 1010, the author says: "The courts look beyond the nominal parties, and treat all those whose interests are involved in the litigation and who conduct and control the action or defense as real parties, and hold them concluded by any judgment which may be rendered, as for example those who employ counsel in the case, assume the active management of the proceeding or defense, and who pay the costs and do such other things as are generally done by the parties. In other words, by participating in the proceedings one is estopped by the judgment as to any questions actually litigated and decided therein."

These principles were recognized and applied by this court in the opinion written by Chief Justice Campbell in *Wright* v. *Wright*, 164 Va. 245, 253, 254, 178 S. E. 884.

See also, Freeman on Judgments (5th Ed.), Vol. I, Sec. 430, p. 936; *Id.*, Sec. 446, pp. 976, 977; *Aetna Life Ins. Co.* v. *Maxwell* (C. C. A. 4), 89 F. (2d) 988; 34 C. J., Sec. 1427, pp. 1006, 1007.

MR. JUSTICE SPRATLEY concurs in this view.