# Nancy Austin

## v.

# Martin R. Jewell

Record No. 831057

October 10, 1986

Present: All the Justices

*William F. Wall* for appellant.
*Stephen W. Robinson (Boothe, Prichard & Dudley*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

In this suit growing out of a three-car accident, the trial court entered summary judgment for the defendant on the morning of trial before the plaintiff introduced any evidence. Assuming, as the trial court concluded, that the rule in *Massie v. Firmstone*, 134 Va. 450, 114 S.E. 652 (1922), applies to a plaintiff's answers to interrogatories, we must decide whether the answers of the plaintiff in this case fall within the compass of that rule.

On March 27, 1978, Nancy Austin filed a motion for judgment against Martin R. Jewell and Roy E. Flick, claiming damages for personal injuries she sustained in an automobile accident which occurred on July 29, 1977. Austin's car was struck in the rear while she was stopped behind traffic in the northbound lane of Sudley Road in Manassas. She alleged that Jewell was operating a pickup truck immediately behind her; that Flick was driving an automobile directly behind Jewell; that it was "the duty of each of the Defendants . . . to operate their respective cars in a careful and prudent manner"; that Jewell and Flick "so operated their

vehicles so as to cause the front end of the Jewell vehicle to strike the rear end of the Plaintiff's vehicle with great force and violence"; and that the plaintiff suffered permanent injuries as the "proximate result of the reckless and negligent conduct of the Defendants".

During discovery, Jewell served Austin with a set of 56 interrogatories. The questions and answers relevant to this appeal are as follows:

> 3. State in full detail the manner in which you assert that the incident of which you complain occurred.

> I was heading in a northerly direction on Sudley Road. I was stopped approximately 400 feet north of Jackson Avenue, waiting for the traffic to move on. Martin R. Jewell was stopped directly behind me. Roy E. Flick, who was also travelling in a northerly direction on Sudley Road, did not see the brakelights of Mr. Jewell's vehicle. Mr. Flick's vehicle collided with the rear of Mr. Jewell's vehicle forcing Mr. Jewell's vehicle into the rear of my vehicle.

> . . . .
> 46. Did you make a statement to anyone at the scene of the accident with regard to the collision? If so, state the name of such person and the substance of your statement.

> Yes. The Prince William County Police Officer asked me how the accident had happened. I told him that I was sitting still and the truck and car hit me from behind, was all I knew.

For a period of more than two years, Austin was unable to serve process on Flick, and on August 11, 1980, the trial court granted Austin's motion to nonsuit her action with respect to him. Austin later filed a new suit against Flick, but the action was dismissed on a plea of the statute of limitations.

In April 1982, Austin's counsel advised Jewell's attorney that his client's response to interrogatory number 3 needed to be amended. By letter dated April 8, 1982, addressed to Jewell's attorney, Austin's attorney amended his client's answer to read as follows:

> I was heading in a northerly direction on Sudley Road. I was stopped approximately 400 feet north of Jackson Avenue,

waiting for traffic to move on. Martin R. Jewell, who was travelling directly behind me failed to stop and struck the rear of my vehicle with his vehicle. Immediately thereafter, a vehicle operated by Roy E. Flick was also travelling in a northerly direction on Sudley Road collided with the rear of Mr. Jewell's vehicle forcing Mr. Jewell's vehicle into the rear of my vehicle causing a second impact to my vehicle.

In a deposition taken on April 19, 1982 and admitted to the record, Austin testified that "it was just like two impacts because another car hit the back of the truck after the truck hit me. And then it was hit like twice."

On May 13, 1982, Jewell filed a third-party motion for judgment against Flick, and the matter was set for trial on March 10, 1983. Before the jury had been seated, Jewell made a motion for summary judgment. Invoking the rule in *Massie* that "[n]o litigant can successfully ask a court or jury to believe that he has not told the truth", 134 Va. at 462, 114 S.E. at 656, Jewell argued that Austin's original answer to interrogatory number 3 absolved Jewell of any actionable negligence and that she was bound by that sworn statement.

Austin's trial counsel argued that the original answer did not accurately reflect Austin's response to interrogatory number 3; that, in fact, Austin had always maintained there were two impacts; that it was simply "attorney error" that caused an incomplete answer to be transcribed and forwarded to Jewell's counsel; that the amended answer had been given in order to rectify the error; and that Jewell's counsel had agreed that "it was all right" to amend Austin's answer by filing the letter of April 8, 1982.

After considering the arguments of counsel and reviewing our decision in *Massie,* the trial court agreed with Jewell that the *Massie* rule applied and, thus, that Austin was bound by her original answer. The court then granted Jewell's motion for summary judgment, dismissed Jewell's third-party claim against Flick, and entered final judgment against Austin.

On appeal, Austin argues that the *Massie* rule does not apply in this case because she "was not attempting to disown her own statements" and adopt the more favorable testimony of others; that *Massie* does not prevent a litigant from explaining or clarifying a previous statement; and that if she had been permitted to put on evidence, she would have explained the reason for the ap-

parent inconsistency between her original and her amended answers.

Jewell maintains that Austin's original answer was a statement of facts "within her own knowledge"; that her answer was "clear and unambiguous"; that Austin is now "asking this Court to permit her . . . to change [her] position after her suit against Flick was held to be time-barred"; and that Austin is bound by *Massie* to her original answer to interrogatory number 3.[1]

 We assume, without deciding, that the *Massie* rule applies to a litigant's answers to interrogatories; nevertheless, we agree with Austin that the rule does not apply in this case.[2]

> The *Massie* doctrine is not to be read as a rule of thumb, categorical, absolute, and universally applicable. By definition, it applies only to "statements of fact" made by the litigant, to statements of facts "within his own knowledge", and to "the necessary inferences therefrom".
>
> . . . .
>
> [T]he rule in *Massie* [does not] apply to an adverse statement standing in isolation from the litigant's testimony as a whole.

*Baines* v. *Parker and Gladding*, 217 Va. 100, 104, 105, 225 S.E.2d 403, 406-07 (1976). Rather, "[a] damaging statement made in one part of his testimony must be considered in the light of an explanation of such statement made in a later part of his testimony. . . . And it is generally for the jury to determine whether it will accept such explanation or clarification." *VEPCO* v. *Mabin*, 203 Va. 490, 494, 125 S.E.2d 145, 148 (1962). *See also Olsten* v. *Leftwich*, 230 Va. 317, 336 S.E.2d 893 (1985); *Seven-Up Bottling Co.* v. *Moseley*, 230 Va. 245, 335 S.E.2d 272 (1985).

---

[1] Parenthetically, Jewell suggests that the *Massie* issue "should not be considered" because, he says, it goes "substantially beyond the Assignment of Error." We do not agree. We review the case as it was tried below and presented on appeal. In support of his motion for summary judgment, Jewell relied exclusively on the rule in *Massie*, the trial court rested its decision sustaining the motion on that rule, Austin assigned error to that ruling, and, on appeal, both parties briefed and argued the question whether *Massie* applies to answers to interrogatories and, if so, whether Austin's answers fall within or outside the rule.

[2] See *Worrell* v. *Worrell*, 174 Va. 11, 4 S.E.2d 343 (1939), where, without deciding whether the *Massie* rule applied to the plaintiff's pre-trial written statements, we affirmed the judgment for the plaintiff on the ground that the statements did not fall within the rule.

■ We cannot say as a matter of law that the import of Austin's statements, "considered as a whole, conclusively absolves [Jewell] of actionable negligence". *Hogan* v. *Carter & Grinstead*, 226 Va. 361, 370, 310 S.E.2d 666, 671 (1983). Although Austin's original answer to interrogatory number 3 indicates there was only one impact, her answer to interrogatory number 46, stating that both "the truck and car hit me from behind", bespeaks two impacts. Moreover, Austin's amended answer to interrogatory number 3, which Jewell conceded in oral argument had been properly filed, states that Austin recalled feeling two impacts, first when Jewell's truck collided with her car, and again when Flick's car struck Jewell's truck and forced it into the rear of Austin's vehicle.

■ Austin was not attempting to disown her own statements and adopt the testimony of others more favorable to her position. Rather, she was requesting an opportunity to testify, relying upon her own statements, considered as a whole. If her request had been granted, Jewell would have been free to use her pre-trial statements for purposes of impeachment, and the jury would have been free to reject her testimony at trial. But we are of opinion the jury should have been permitted to consider her testimony and her explanation of any appearance of inconsistency raised on cross-examination.

■ We hold that the trial court erred in granting summary judgment against the plaintiff, and we will reverse the judgment and remand the case for a trial on the merits.

*Reversed and remanded.*