Present:  All the Justices

STATE FARM FIRE & CASUALTY COMPANY

v.    Record No. 971075    OPINION BY JUSTICE ELIZABETH B. LACY
                                    February 27, 1998
HERMOND MABRY, ET AL.

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

In this appeal, we consider whether the trial court properly determined that an insurer was estopped from litigating whether its insured's acts were negligent or intentional based on a judgment in a prior tort action in which the insurer provided the insured a defense under a reservation of rights.

Helena M. Martin was injured when Hermond A. Mabry shot her four times using two pistols while the parties were at Mabry's residence.  Martin notified State Farm Fire & Casualty Insurance Company (State Farm), Mabry's homeowner's insurance carrier, of the event.  State Farm issued reservation of rights letters to Mabry and Martin, asserting that insurance coverage might not be available due to the intentional act exclusion in the homeowner's policy.

Martin filed a motion for judgment against Mabry seeking recovery of $125,000 for injuries resulting from the shooting.  In her pleadings, Martin alleged that the shootings were the result of negligence on the part of Mabry.  After Martin filed

her lawsuit, State Farm sent a second reservation of rights letter to Mabry and a reservation of rights letter to counsel for Martin. State Farm retained an attorney to provide legal representation for Mabry.

State Farm, represented by another attorney, filed a motion for declaratory judgment to determine whether the intentional act exclusion in Mabry's policy applied to exclude coverage for Mabry's acts. Prior to resolution of the declaratory judgment proceeding, Mabry, Martin, and their attorneys agreed to the entry of a consent judgment against Mabry for $95,000.

Martin subsequently filed an answer in the declaratory judgment proceeding asserting that the doctrine of collateral estoppel precluded State Farm from litigating whether Mabry's acts were negligent or intentional. Martin maintained that entry of the consent order "on the pleadings," as recited in the order, established that Mabry's acts were negligent as alleged in the motion for judgment in the tort action.

Following an ore tenus hearing and post-trial memoranda, the trial court issued an opinion letter in which it determined that State Farm was estoped from litigating whether Mabry's actions in shooting Martin were negligent or intentional. The trial court based its opinion on "the public policy grounds expressed by the Virginia Supreme Court in

2

*State Farm v. Wright*, 173 Va. 261 (1939), and the estoppel effect of a consent judgment expressed by the Virginia Supreme Court in *Culpeper Nat'l Bank v. Morris*, 168 Va. 379, 385 (1937)."  A final order was entered on February 26, 1997, declaring that Mabry was entitled to coverage under the State Farm Policy for the claims made against him by Martin, and that State Farm was obligated to pay the judgment rendered in the tort action in favor of Martin.  We awarded State Farm an appeal.

In its appeal, State Farm argues that the trial court's decision improperly applied the doctrine of collateral estoppel to preclude State Farm from arguing in the declaratory judgment action that Mabry's actions were intentional.  Mabry and Martin reply that entry of the consent judgment "on the pleadings" collaterally estopped State Farm from relitigating whether Mabry negligently or intentionally fired the shots that injured Martin.

We agree with State Farm that collateral estoppel is not applicable in this case.  One of the elements of collateral estoppel is that the parties, or their privies, must be the same in both the prior and subsequent actions.  *Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 446, 457 S.E.2d 86, 87 (1995).  State Farm was not a party in the tort litigation;

3

therefore, this element of collateral estoppel could only be met if the requisite privity existed between it and Mabry.

Privity requires that a party's interest be "so identical" with another "that he represents the same legal right." Nero v. Ferris, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981). Whether privity exists "requires a careful examination of the circumstances of each case." Angstadt, 249 Va. at 447, 457 S.E.2d at 87. In this case, State Farm reserved its right to challenge coverage under the policy based on the nature of Mabry's acts. By so doing, State Farm established that its position diverged from that of its insured on this issue and that the interests of State Farm and Mabry with regard to coverage were adverse, not identical.

This result was foreshadowed by our discussion in Reisen v. Aetna Life and Casualty Co., 225 Va. 327, 302 S.E.2d 529 (1983). In Reisen, we held that a declaratory judgment proceeding to determine coverage under an insurance policy could be brought by an insurer while the underlying tort litigation was pending, even if the ultimate factual issue in determining coverage was also at issue in the tort litigation. In the course of the opinion, we stated that "because of the likelihood that the insurer, after judgment in the tort action, would be entitled to litigate the very same coverage question it sought to raise before trial," the declaratory

4

judgment proceeding declaring the parties' rights in advance was proper. Id. at 336, 302 S.E.2d at 534. This statement would be in error if the insurer was collaterally estopped from raising the factual issue addressed in the tort litigation in the subsequent proceeding determining coverage.

Accordingly, because State Farm was not a party to the tort litigation nor was it in privity with Mabry regarding the nature of Mabry's acts, we conclude collateral estoppel does not apply to preclude State Farm from litigating that issue.[1] Accord, Alabama Farm Bureau Mut. Cas. Ins. Co. v. Moore, 349 So.2d 1113, 1115-17 (Ala. 1977); Farmers Ins. Co. of Arizona v. Vagnozzi, 675 P.2d 703, 708 (Ariz. 1983); Spears v. State Farm Fire and Cas. Ins., 725 S.W.2d 835, 837-38 (Ark. 1987); Kelly v. Cherokee Ins. Co., 574 S.W.2d 735, 737-39 (Tenn. 1978). But see Miller v. United States Fidelity & Cas. Co., 197 N.E. 75, 77 (Mass. 1935). See generally, Comment, The Effect of Collateral Estoppel on the Assertion of Coverage Defenses, 69 Colum. L. Rev. 1459 (1969).

---

[1] In Norman v. Insurance Co. of North America, 218 Va. 718, 725, 239 S.E.2d 902, 906 (1978), we stated that the judgment entered in the tort litigation holding the insured's actions to be intentional "constitutes a collateral estoppel" of the insured's action against the insurer in which the insured asserted his actions were "accidental." However, we did not examine the elements of collateral estoppel and specifically did not discuss privity. Accordingly, Norman does not provide binding precedent for the principle that collateral estoppel

We also conclude that none of the other forms of estoppel noted by the trial court operate here to preclude State Farm from pursuing its declaratory judgment proceeding.  Under principles of estoppel and waiver, providing the insured a legal defense generally makes the insurer liable for amounts recovered against the insured because the insurer's actions indicate that the policy coverage applies, and, therefore, the insurer is estopped from subsequently seeking to avoid liability under the policy.  Cooper v. Employers Mut. Liability Ins. Co. of Wisconsin, 199 Va. 908, 916, 103 S.E.2d 210, 216 (1958); 14 George J. Couch, Cyclopedia of Insurance Law § 51:239 (Mark S. Rhodes ed., 2d ed. 1982).

If an insurer provides a reservation of rights, however, the insurer "is not deemed to have waived, nor be estopped to set up, the defense of lack of coverage" because of its participation in the tort litigation.  Norman v. Ins. Co. of N. America, 218 Va. 718, 726, 239 S.E.2d 902, 907 (1978).  As the trial court acknowledged, State Farm provided Mabry a defense under a reservation of its right to later assert its defenses to coverage under the policy, and, thus, these principles of estoppel and waiver are inapplicable.

---

would apply to insurers in the circumstances of the instant case.

6

Finally, the trial court referred to an "estoppel" based on its view that actions taken by State Farm in the conduct of the tort litigation provided the insurer with "its day in court," and, therefore, State Farm was not entitled to another opportunity to try its case on the merits, citing State Farm Mutual Automobile Insurance Co. v. Wright, 173 Va. 261, 3 S.E.2d 187 (1939).

However, here State Farm did not have "its day in court" in the tort proceeding. See Farm Bureau Mut. Auto. Ins. Co. v. Hammer, 177 F.2d 793, 799-800 (4th Cir. 1949). State Farm was not a party to the tort litigation and, therefore, could not independently assert its position on the nature of Mabry's acts in that proceeding. Nor could it assert its position in conjunction with providing a defense to its insured. The attorney employed by the insurer to defend the insured "is bound by the same high standards which govern all attorneys, and owes the insured the same duty as if he were privately retained by the insured." Norman, 218 Va. at 727, 239 S.E.2d at 907. To comply with this duty in the tort litigation, Mabry's attorney could not argue that Mabry's acts were intentional because such an argument could expose Mabry to punitive damages and would not be in his best interest. Thus, the declaratory judgment proceeding to determine the issue of

policy coverage was State Farm's first opportunity to assert its coverage defense and to try its case on the merits.

In the instant case, State Farm sent reservation of rights letters to its insured, Mabry, and to Martin when it was initially informed of Martin's claim.  Reservation of rights letters were again sent to Mabry and to Martin's counsel when the tort litigation was initiated.  Under these circumstances, neither waiver, estoppel, nor collateral estoppel precluded State Farm from raising its coverage defense, specifically the question whether Mabry shot Martin intentionally or negligently.

Accordingly, we will reverse the judgment of the trial court and remand the case for further proceedings.

<u>Reversed and remanded</u>.