## CIRCUIT COURT OF ORANGE COUNTY

Southern Insurance Co. of Va.

v.

Donna Somerville et al.

March 24, 2006

Case No. CH05-000034

BY JUDGE DANIEL R. BOUTON

I am writing to advise of the court's ruling on the motion for summary judgment. Several disputed issues have been raised by the motion. It is not necessary for the court to resolve all of them. For the two reasons set forth below, the motion will be granted.

### Discussion

The respondent, Donna Somerville, concedes that the coverage she asserts is available under the policy before the court is based on a wrongful death action brought by the statutory beneficiaries of Hamilton Somerville. This is an action created by statute in Virginia. Thus, the damages that can be recovered in such cases are specifically defined and limited by Va. Code § 8.01-52. The statute sets forth a number of items that can be recovered. The only ones that have any relevance in this case are "sorrow, mental anguish, and solace. . . ." The question before the court is whether the policy can be construed to provide coverage for any of these items.

Turning to the policy, Ms. Somerville argues that the provision for bodily injury covers the claim that is being made against her by the statutory beneficiaries. The term bodily injury is defined as "bodily harm to a person

and includes sickness, disease, or death." To begin with, death has not occurred to the statutory beneficiaries in this case. Moreover, disease is not included among sorrow, mental anguish, and solace, nor has it been claimed in this case. Therefore, all that remains is the issue of whether the sickness that is included under the definition of bodily injury in the policy falls within the sorrow, mental anguish, and solace that can be recovered under Virginia's statutory scheme for wrongful death actions.

On this point, even if there was evidence that any of the beneficiaries experienced some type of sickness as a result of Mr. Somerville's death, the court concludes that such a condition is not considered a separate, recoverable element of damages under the wrongful death statute. In the court's view, sorrow, mental anguish, and solace pertain directly to the closeness of the relationship that existed between the beneficiaries who bring the cause of action and the decedent. The elements defined by the statute that can be the subject of a recovery do not include indirect physical injuries, physical pain, or psychological suffering that might arguably be related to the death of a loved one. The court therefore concludes that the policy does not provide coverage for the damages claimed in the present case. See *El-Meswari v. Washington Gas Light Co.*, 785 F.2d 483 (4th Cir. 1986).

The second reason that the court grants the motion for summary judgment lies in the nature of the allegations. Specifically, in the pending civil case, the pleadings allege that the defendant is liable to the plaintiffs because she deliberately administered doses of unprescribed medicine to the decedent, Hamilton Somerville. The plaintiffs allege that these actions resulted in the death of Hamilton Somerville. In essence, the plaintiffs claim that Donna Somerville poisoned Hamilton Somerville. The court finds that these actions, if proven, are intentional. On this point, it should also be noted that the Supreme Court of Virginia has approved the use of interrogatories in determining whether or not summary judgment should be granted. *Andrews v. Ring*, 266 Va. 311, 585 S.E.2d 780 (2003); *Klaiber v. Freemason Associates*, 266 Va. 478, 587 S.E.2d 555 (2003); *Austin v. Jewell*, 232 Va. 197, 349 S.E.2d 113 (1986); *Emerson v. Decker Realty Corp.*, 232 Va. 71, 348 S.E.2d 239 (1986). In this case, the civil file contains the plaintiff's supplemental response to the interrogatories propounded by the defendant. In response to interrogatory number eight, the plaintiff states that Donna Somerville "poisoned the decedent by administering to him lethal amounts of various drugs. Plaintiff further states that the defendant administered narcotics over the course of several months preceding the defendant's death. Plaintiff refers defendant to the criminal trial transcript of *Commonwealth v. Donna J.*

328

*Somerville*, Case No. CR03-33, and the trial record, including exhibits introduced in connection with that case. . . ."

An examination of the criminal transcript referred to and relied on by the plaintiffs in the civil action demonstrates clearly that Donna Somerville was prosecuted for the willful, deliberate, and premeditated murder of Hamilton Somerville. All acts that were alleged by the Commonwealth in the criminal case were intentional. The transcript of the proceedings establishes that no lesser included offense of first degree murder was ever raised or even remotely suggested by any of the evidence in the criminal trial. The court acknowledges that the issues and the standard of proof that applied in the criminal case are different from those that govern the civil action. The key point, however, is that all of the claims made against Donna Somerville in the civil case are identical to the claims about her behavior that were made by the Commonwealth in the criminal case. Based on any objective standard, all actions that have been attributed to Donna Somerville in connection with the death of Hamilton Somerville are intentional acts.

The policy in the present case expressly excludes coverage for intentional acts. In clear, unambiguous language, the insurer states: "We do not provide coverage for an insured who commits or directs an act with the intent to cause a loss." The Virginia Supreme Court has acknowledged the validity of such exclusions in a number of cases that have analyzed policies that are similar to the one that is relied on in this case. See *Johnson v. Insurance Co. of North Am.*, 232 Va. 340, 350 S.E.2d 616 (1986); *State Farm Fire & Casualty Co. v. Mabry*, 255 Va. 286, 497 S.E.2d 844 (1998). Therefore, because all of the allegations against Donna Somerville in the civil case include intentional acts, they are not covered by the policy before the court.

## Conclusion

Virginia's wrongful death statute does not allow for any damages that are covered by the policy. Furthermore, all actions attributable to the defendant as a basis for recovery are intentional and the policy excludes coverage for intentional acts. Therefore, the motion for summary judgment will be granted.