**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-1972**

PROTECTION STRATEGIES, INC.,

                Plaintiff - Appellant,

        v.

STARR INDEMNITY & LIABILITY CO.,

                Defendant - Appellee,

        v.

JOSEPH RICHARDS; DAVID LUX; DAVID SANBORN; KEITH HEDMAN,

                Third Party Defendants.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:13-cv-00763-LO-IDD)

Submitted: April 30, 2015                    Decided: May 27, 2015

Before KEENAN, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

John A. Gibbons, DICKSTEIN SHAPIRO LLP, Washington, D.C., for Appellant.  Cara Tseng Duffield, Mary Catherine Martin, WILEY REIN LLP, Washington, D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Protection Strategies, Incorporated, (PSI) appeals the district court's order granting Starr Indemnity & Liability Company (Starr)'s Fed. R. Civ. P. 59(e) motion to alter or amend the court's prior order granting Starr summary judgment in PSI's civil action. We conclude that PSI fails to establish reversible error in the district court's judgment and affirm.

In 2012, PSI and its officers were the subjects of criminal and civil investigations relative to the Small Business Administration's Section 8(a) program, a program designed to aid businesses owned by certain socioeconomic groups in accessing the federal procurement market. In 2013, PSI's former chief executive officer, former chief financial officer, former vice president, and former president pled guilty in the United States District Court for the Eastern District of Virginia to criminal charges for fraud or conspiracy to commit fraud in connection with the Section 8(a) program.

Through a civil action filed in the district court, PSI sought reimbursement under insurance policies (the 2011 policy and the 2012 policy) issued by Starr of certain costs expended in connection with these investigations. Starr ultimately reimbursed to PSI $846,483.34. After the officers pled guilty, however, Starr sought recoupment of the amount paid through a counterclaim. The district court granted summary judgment in

Starr's favor, concluding that the 2011 policy controlled, each of the four coverage exclusions on which Starr relied (the exclusions for profit, fraud, and prior knowledge and based on a warranty letter) barred coverage under the policy, and that Starr was entitled to recoupment of costs reimbursed to PSI. Starr later moved pursuant to Rule 59(e) to alter or amend the district court's judgment to reflect it was entitled to recoupment of the $846,483.34 sum, plus pre- and post-judgment interest. The district court granted Starr's motion, awarded it judgment in the amount of $846,483.34 and awarded pre- and post-judgment interest. PSI appeals and challenges the district court's grant of summary judgment in Starr's favor.

We review de novo the district court's award of summary judgment and view the facts in the light most favorable to the non-moving party. Woollard v. Gallagher, 712 F.3d 865, 873 (4th Cir. 2013). "Summary judgment is appropriate only if the record shows 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

The relevant inquiry on summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986). To withstand a

3

summary judgment motion, the non-moving party must produce competent evidence sufficient to reveal the existence of a genuine issue of material fact for trial. See Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 (4th Cir. 2002) ("Conclusory or speculative allegations do not suffice, nor does a mere scintilla of evidence in support of [the non-moving party's] case." (internal quotation marks omitted)). We will uphold the district court's grant of summary judgment unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. See EEOC v. Cent. Wholesalers, Inc., 573 F.3d 167, 174-75 (4th Cir. 2009).

We conclude after review of the record and the parties' briefs that the district court did not reversibly err in granting summary judgment to Starr. We reject as without merit PSI's contention that the exclusion for prior knowledge in the 2011 policy is not applicable to bar coverage in this case because the 2012 policy controls. Contrary to PSI's suggestion, Starr did not waive its right to rely on and is not estopped from relying on the coverage exclusions in the 2011 policy. See Ins. Co. of N. Am. v. Atl. Nat'l Ins. Co., 329 F.2d 769, 775-76 (4th Cir. 1964); State Farm Fire & Cas. Co. v. Mabry, 497 S.E.2d 844, 846 (Va. 1998); Stanley's Cafeteria, Inc. v. Abramson, 306 S.E.2d 870, 873 (Va. 1983). We also reject as unsupported by the record PSI's contention that the warranty

4

letter bars coverage in this case because the district court impermissibly resolved issues of fact regarding the circumstances under which the letter was executed to find it was part of the 2011 policy. We further reject as without merit PSI's contention that the coverage exclusions relative to profit and fraud do not apply to bar coverage with respect to PSI's general counsel and two employees because the exclusions were applicable to bar coverage for these individuals as a result of the guilty pleas of PSI's former chief executive officer and chief financial officer. Additionally, as it is clear from the undisputed evidence of record that there were not Claims under the 2011 policy with respect to these individuals, PSI's contention that the district court improperly resolved fact issues to reach this conclusion is without merit. Finally, we reject as both unsupported by the record and otherwise without merit PSI's arguments challenging the district court's determination that Starr was entitled to the remedy of recoupment under the terms of the 2011 policy.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED