**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 25 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY, a New York
Corporation,

        Plaintiff-ctr-defendant -
Appellee,

  v.

AMBER HEARD, an individual,

        Defendant-ctr-claimant -
Appellant.

No. 23-3399

D.C. No.
2:22-cv-04685-GW-PD

MEMORANDUM[*]

NEW YORK MARINE AND GENERAL
INSURANCE COMPANY,

        Plaintiff-ctr-defendant -
Appellant,

  v.

AMBER HEARD,

        Defendant-ctr-claimant -
Appellee.

No. 23-3585

D.C. No.
2:22-cv-04685-GW-PD

Appeal from the United States District Court

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 7, 2024
Pasadena, California

Before: PARKER, HURWITZ, and DESAI, Circuit Judges.[**]

Amber Heard appeals the district court's dismissal of her counterclaims, and New York Marine and General Insurance Co. ("New York Marine") cross appeals the district court's dismissal of its declaratory judgment action as moot. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

In 2019, Heard's ex-husband sued her for defamation in Virginia state court. Heard, the ex-wife of actor Johnny Depp, had claimed in a *Washington Post* opinion editorial that Depp had domestically abused her. The instant coverage dispute arises from that lawsuit.

Prior to the defamation litigation, New York Marine had issued Heard a policy ("the Policy"), which provided that New York Marine would defend Heard against lawsuits, including suits for defamation, and indemnify her up to $1,000,000. Before notifying New York Marine of the defamation action, Heard retained the Virginia law firm of Cameron McEvoy PLLC for her defense. Approximately six months after the suit was started, Heard tendered notice of the action to New York Marine.

---

[**] The Honorable Barrington D. Parker, U.S. Circuit Judge for the U.S. Court of Appeals, Second Circuit, sitting by designation.

23-3585

New York Marine agreed to defend her subject to a general reservation of rights, which stated that "to the extent California law does not permit an insurer to indemnify the insured, no indemnity can be provided." New York Marine continued the appointment of Cameron McEvoy PLLC as her counsel. Heard then claimed that New York Marine's reservation of rights created a conflict of interest between her and the insurer, and asked New York Marine to appoint "independent" counsel. New York Marine refused. Heard then retained her own "independent" counsel whose costs were partially covered by Travelers Insurance Company ("Travelers"), one of Heard's other insurers. Eventually, Cameron McEvoy withdrew as counsel to Heard.

New York Marine agreed to reimburse Travelers for some of the amounts it had paid toward Heard's new defense counsel. New York Marine contends it paid Travelers over $600,000 for its share of the defense. A judgment was entered against Heard in the defamation case, which was later settled. Travelers paid the entire amount of the settlement.

New York Marine then brought this suit against Heard, seeking a declaration that it had fulfilled its duty to defend her when it continued the appointment of Cameron McEvoy. Heard counterclaimed, alleging that New York Marine (1) breached its duty to defend her by refusing to appoint her independent counsel, and (2) breached an implied covenant of good faith and fair dealing. Heard alleges

23-3585

that "New York Marine never *fully* paid for Ms. Heard's defense, leaving Ms. Heard to incur hundreds of thousands of dollars in defense costs not paid by any insurer."

1. New York Marine did not breach its duty to defend Heard. New York Marine agreed to "provide a defense at our expense by counsel *of our choice*, even if the suit is groundless, false or fraudulent." New York Marine fulfilled that duty by continuing the appointment of Cameron McEvoy.

Heard claims that California law "require[s] insurers to pay the reasonable costs of independent counsel when a conflict of interest exists between the insured and insurer." *N. Ins. Co. of N.Y. v. Allied Mut. Ins. Co.*, 955 F.2d 1353, 1359 (9th Cir. 1992) (citing *San Diego Navy Fed. Credit Union v. Cumis Ins. Soc'y*, 208 Cal. Rptr. 494 (Cal. App. 1984) and Cal. Civ. Code § 2860). Heard contends that a conflict of interest arose because New York Marine reserved the right to deny coverage if her conduct was "willful" and "intentional."

There was no conflict of interest between New York Marine and Heard. Cameron McEvoy's attorneys litigated the defamation case in Virginia, were members of the Virginia bar, and were bound by Virginia's, and not California's, ethics rules. Unlike California, Virginia's ethics rules provide that a lawyer appointed by an insurer owes a duty only to the insured, not to the carrier. *See Gen. Sec. Ins. Co. v. Jordan, Coyne & Savits, LLP*, 357 F. Supp. 2d 951, 957 & n.16 (E.D. Va. 2005) (citing *Virginia State Bar*, *Legal Ethics* Opinions 598 & 1536); *see also*

*Norman v. Ins. Co. of N. Am.*, 239 S.E.2d 902, 907 (Va. 1978); *State Farm Fire & Cas. Co. v. Mabry*, 497 S.E.2d 844, 847 (Va. 1998). Potential disputes between an insurer and insured over indemnification therefore do not put Virginia lawyers in a conflicted position. New York Marine had no obligation to provide Heard with independent counsel, and thus did not breach its duty to defend her.

2. The district court did not err in dismissing Heard's counterclaim for breach of an implied covenant of good faith and fair dealing. For Heard's counterclaim to survive, she must have alleged facts that would establish that "(1) benefits due under the policy [were] withheld; and (2) the reason for withholding benefits [was] unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 271 Cal. Rptr. 246, 255 (Cal. App. 1990).

Heard has not alleged any facts establishing that New York Marine withheld benefits due under the Policy. New York Marine fulfilled its duty to defend under the Policy, and Heard no longer claims that New York Marine failed to indemnify her. [1] Heard has therefore failed to plausibly allege facts establishing the withholding of a benefit due under the Policy. The district court thus correctly dismissed Heard's breach of an implied covenant claim.

---

[1] Indeed, after dismissing her breach of contract counterclaim, the district court granted Heard leave to amend her bad faith claim, but she declined to do so. Thus, her breach of the implied covenant claim rested entirely on her allegation that New York Marine failed to provide independent counsel.

3. Because we affirm the dismissal of Heard's counterclaims, we also affirm the district court's dismissal of New York Marine's declaratory judgment action as moot.

**AFFIRMED.**[2]

---

[2] Heard's motion for judicial notice, Dkt. 45, is granted.